1  DOUGLAS J. MELTON  State Bar #161353
   HELEN MCFARLAND State Bar #231501
2  LONG & LEVIT LLP
   465 California Street, Suite 500
3  San Francisco, CA 94104
   Telephone:     (415) 397-2222
4  Facsimile:     (415) 397-6392
   Email:         dmelton@longlevit.com
5                 hmcfarland@longlevit.com

*E-filing*

6  *Attorneys for Defendant*
   S.A.W. Entertainment Limited ("S.A.W.")
7

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  JESSICA JACKSON, individually and on        CASE 09            0448
    behalf of all others similarly situated,
12                                              NOTICE OF REMOVAL UNDER 28
                     Plaintiff,                 U.S.C. §1332 (d)(2); 28 U.S.C. §1441
13                                              (CLASS ACTION DIVERSITY)
          vs.                                                                    EMC
14
    S.A.W. ENTERTAINMENT LIMITED
15  aka SAW ENTERTAINMENT, LTD;
    LARRY FLYNT'S HUSTLER CLUB;
16  DEJA VU, and Does 1-50,

17                   Defendant.

18        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19        PLEASE TAKE NOTICE THAT defendant S.A.W. ENTERTAINMENT

20  LIMITED ("S.A.W.") hereby removes to this Court the state court action described below.

21        1.    On December 12, 2008, an action was commenced in the Superior Court of

22  the State of California in and for the County of San Francisco, entitled Jessica Jackson v. S.A.W.

23  ENTERTAINMENT LIMITED aka SAW ENTERTAINMENT, LTD.; LARRY FLYNT'S

24  HUSTLER CLUB; DÉJÀ VU, and DOES 1-50, as Case Number CGC-08-482937. (A true and

25  correct copy of the complaint is attached hereto as Exhibit A.)

26        2.    The first date upon which defendant S.A.W. received a copy of said

27  complaint was December 31, 2008, when S.A.W. was served with a copy of said complaint and a

28

LONG & LEVIT LLP
601 MONTGOMERY STREET
SUITE 900
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

1

NOTICE OF REMOVAL

1    summons from the state court. (A true and correct copy of the summons is attached hereto as

2    Exhibit B.)

3        3.    JURISDICTION: This action is a civil action over which this Court has

4    original jurisdiction pursuant to 28 U.S.C. §1332(d)(2), and is one which may be removed to this

5    Court by S.A.W. pursuant to the provisions of 28 U.S.C. §1441 in that it is a purported class

6    action in which the matter in controversy exceeds the sum or value of $5,000,000 exclusive of

7    interest and costs, and the proposed class is alleged to consist of at least 100 members, and a

8    member of the class (the named plaintiff Jessica Jackson) is a citizen of a State (Nevada) different

9    from any defendant (S.A.W. is a California corporation).

10       4.    Although Ms. Jackson does not specifically allege the matter in

11   controversy exceeds the sum or value of $5,000,000, it appears from the face of the Complaint

12   that the damages alleged on behalf of the proposed class[1] would exceed this amount based on the

13   lengthy list of alleged damages set forth in the prayer of the Complaint. *See, White v. FCI USA,*

14   *Inc.* (5th Cir. 2003) 319 F.3d 672, 674. Specifically Plaintiff seeks on behalf of the proposed

15   class ". . . all minimum wages due, plus liquidated damages with interest thereon;" [r]estitution

16   and payment for all monies, tips, and gratuities taken from the plaintiff and other class members

17   by defendants;" "[r]eimbursement by the defendants for all business expenses incurred by the

18   plaintiff and class members;" [p]ayment of interest on all sums due;" and "[r]easonable attorneys

19   fees and costs." See, Complaint, Prayer for Relief, p. 15. Although S.A.W. emphatically denies

20   any liability whatsoever arising from the facts and circumstances alleged in the Complaint, were

21   the foregoing categories of damages to be awarded to the purported "several hundred people"

22   comprising the alleged class for the four-year alleged class period, and were reasonable attorneys

23   fees and costs awarded to class counsel, there can be no question that the total award would

24   exceed $5,000,000.

25       5.    Named plaintiff Jessica Jackson was at the time the complaint was filed,

26   and still is, a citizen of the State of Nevada. Defendant S.A.W. was, at the time of filing this

27   [1] The proposed class is defined as "[a]ll individuals who are or were employed as dancers at any time since December 12, 2004 in any clubs or adult dance establishments operated and/or owned by the defendants in the State of California" and plaintiff alleges the proposed class consists of "several hundred individuals during the class period." See, Complaint ¶¶ 18-22.

28   

LONG & LEVIT LLP
601 MONTGOMERY STREET
SUITE 900
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222
2
NOTICE OF REMOVAL.

1   action, and still is, incorporated under the laws of the State of California, with its principal place

2   of business in the state of California.

3        7.    Based on the foregoing facts, the parties have the requisite "minimal

4   diversity" necessary for this Court to have original jurisdiction under 28 U.S.C. §1332(d)(2).

5        8.    Pursuant to 28 U.S.C. §84(a), the United States District Court for the

6   Northern District of California embraces the Superior Court of the State of California, County of

7   San Francisco, where the action is currently pending, and thus this Court is a proper venue for the

8   action.

9        9.    No defendant other than S.A.W. has been served with a summons and the

10   Complaint in this matter. It appears from the San Francisco County Superior Court website that

11   Plaintiff may have attempted to serve two individuals purportedly on behalf of "Larry Flynt's

12   Hustler Club." On information and belief, "Larry Flynt's Hustler Club" is merely a trade name

13   and not a legal entity. The individuals purportedly served on behalf of "Larry Flynt's Hustler

14   Club" appear to be agents for service of process for LFP, Inc., which publishes "Hustler"

15   magazine. LFP, Inc. clearly is not a defendant in this litigation. Copies of the Summons

16   purportedly attempted to be served on "Larry Flynt's Hustler Club" are attached hereto as Exhibit

17   C.

18        10.    S.A.W. is filing written notice of this removal with the Clerk of the state

19   court in which the action is currently pending pursuant to 28 U.S.C. §1446(d). Copies of the

20   Notice to Adverse Party of Removal to the Federal Court, together with this Notice of Removal,

21   are being served upon plaintiff's counsel pursuant to 28 U.S.C. §1446(d).

22

23   Dated: January 3̄2, 2009              LONG & LEVIT LLP

24

25                        By

26                          DOUGLAS J. MELTON
                                Attorneys for Defendant

27                          S.A.W. Entertainment Limited
                                ("S.A.W.")

     DOCS\S0301-082\559467.V1

28

LONG & LEVIT LLP
601 MONTGOMERY STREET
SUITE 900
SAN FRANCISCO
CALIFORNIA 94111
(415) 397-2222

3

NOTICE OF REMOVAL

# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

S.A.W. Entertainment Limited aka SAW
Entertainment, LTD; Larry Flynt's Hustler Club;
Deja Vu, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jessica Jackson, individually and on behalf of
all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER *(Número del Caso):* CGC - 08-482937 |
|---|---|

San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102-4514

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kevin J. McInerney (775) 849-3811    James F. Clapp (858) 623-4200
McInerney & Jones                    4370 La Jolla Village Dr. Ste 970
18124 Wedge Pkwy #503 Reno, NV 89511  San Diego, CA 92122

| DATE: *(Fecha)* DEC 1 2 2008 | GORDON PARK-LI, Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 American LegalNet, Inc. www.USCourtForms.com |

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Kevin J. McInerney SBN 46941
McInerney & Jones
18124 Wedge Parkway #503 Reno, NV 89511
TELEPHONE NO: (775) 849-3811    FAX NO: (775) 849-3866
ATTORNEY FOR *(Name):* plaintiff Jessica Jackson

**FOR COURT USE ONLY**

F I L E D
Superior Court of California
County of San Francisco

DEC 1 2 2008

DEC 12 2008

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME: Civic Center Courthouse

CASE NAME: Jackson, et al. v. S.A.W. Entertainment
Limited, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CGC-.08-482937 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) □ Limited (Amount demanded is $25,000 or less) | □ Counter □ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
□ Auto (22)
□ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
□ Asbestos (04)
□ Product liability (24)
□ Medical malpractice (45)
□ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
□ Business tort/unfair business practice (07)
□ Civil rights (08)
□ Defamation (13)
□ Fraud (16)
□ Intellectual property (19)
□ Professional negligence (25)
□ Other non-PI/PD/WD tort (35)

**Employment**
□ Wrongful termination (36)
[X] Other employment (15)

**Contract**
□ Breach of contract/warranty (06)
□ Rule 3.740 collections (09)
□ Other collections (09)
□ Insurance coverage (18)
□ Other contract (37)

**Real Property**
□ Eminent domain/Inverse condemnation (14)
□ Wrongful eviction (33)
□ Other real property (26)

**Unlawful Detainer**
□ Commercial (31)
□ Residential (32)
□ Drugs (38)

**Judicial Review**
□ Asset forfeiture (05)
□ Petition re: arbitration award (11)
□ Writ of mandate (02)
□ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
□ Antitrust/Trade regulation (03)
□ Construction defect (10)
□ Mass tort (40)
□ Securities litigation (28)
□ Environmental/Toxic tort (30)
□ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
□ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
□ RICO (27)
□ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
□ Partnership and corporate governance (21)
□ Other petition *(not specified above)* (43)

**2.** This case [X] is □ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [X] Large number of separately represented parties        d. [X] Large number of witnesses
b. [X] Extensive motion practice raising difficult or novel   e. □ Coordination with related actions pending in one or more courts
issues that will be time-consuming to resolve                    in other counties, states, or countries, or in a federal court
c. [X] Substantial amount of documentary evidence            f. □ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.[X] monetary   b.[X] nonmonetary; declaratory or injunctive relief   c. □ punitive
**4.** Number of causes of action *(specify):* 5
**5.** This case [X] is □ is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 12, 2008
Kevin J. McInerney, Esq.
*(TYPE OR PRINT NAME)*                                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BY FAX

1   Kevin J. McInerney, Esq., SBN 46941
2   Charles A. Jones, Esq., SBN 224915
    MCINERNEY & JONES
3   18124 Wedge Parkway #503
    Reno, NV 89511
4   Telephone:   (775) 849-3811
    Facsimile:   (775) 849-3866
5

6   James F. Clapp, Esq. SBN 145814
    DOSTART CLAPP GORDON & COVENEY LLP
7   4370 La Jolla Village Dr., Suite 970
    San Diego, CA 92122
8   Telephone:   (858) 623-4200
    Facsimile:   (858) 623-4299

9   *Attorneys for Plaintiff* JESSICA JACKSON

10

11             SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  COUNTY OF SAN FRANCISCO

13   JESSICA JACKSON, individually and on   Case No. CGC-.08-482937

14   behalf of all others similarly situated,

15            Plaintiff,         **CLASS ACTION COMPLAINT FOR:**

16       v.             **1) FAILURE TO PAY MINIMUM WAGE (CAL. LABOR CODE §1197);**

17   S.A.W. ENTERTAINMENT LIMITED
    aka SAW ENTERTAINMENT, LTD;
18   LARRY FLYNT'S HUSTLER CLUB;   **2) FAILURE TO PAY WAITING TIME PENALTIES (CAL. LABOR CODE §203);**

19   DÉJÀ VU, and DOES 1-50,   **3) FAILURE TO INDEMNIFY EMPLOYEES' BUSINESS EXPENSES (CAL. LABOR CODE §2802);**

20           Defendants.

21                      **4) VIOLATION OF THE UNFAIR COMPETITION LAW (BUSINESS & PROFESSIONS CODE §§17200 *ET SEQ.*); AND**

22

23

24                      **5) VIOLATION OF SAN FRANCISCO MINIMUM WAGE ORDINANCE**

25

26

27             THIS IS A CLASS ACTION COMPLAINT

28

1                                                    I.

2                               JURISDICTION AND VENUE

3       1.       The Superior Court has jurisdiction over this action because the monetary amount

4
5 sought by the plaintiff and members of the class exceeds the minimal jurisdictional level. The

6 plaintiff and members of the class also seek a declaratory judgment that finds that dancers

7 employed by the defendants are employees within the meaning of the California Labor Code and

8 not independent contractors. Lastly, the Superior Court has jurisdiction because the plaintiff and

9 members of the class seek injunctive relief directing that the defendants cease and desist from

10 the illegal practices described in this complaint.

11       2.       Venue is proper in the City and County of San Francisco because the plaintiff and

12
13 many other members of the class were employed at Larry Flynt's Hustler Club, which is located

14 at 1031 Kearny Street in San Francisco and the California Labor Code allows a claim to be

15 venued where the employment took place.

16                                                 II.

17                               THE PARTIES

18       3.       The plaintiff, Jessica Jackson, is an adult female who was employed by the

19 defendants as an adult entertainer at Larry Flynt's Hustler Club in San Francisco in April 2008.

20       4.       The defendant Larry Flynt's Hustler Club is a business entity the exact form of

21
22 which is currently unknown. According to a website it maintains on the worldwide internet, it

23 operates a number of adult dance clubs in California and in other states. Its name is prominently

24 displayed on the marquee at 1031 Kearny Street where the plaintiff and many members of the

25 class have been employed as adult dancers or entertainers. Throughout this Complaint, these

26 premises may be referred to as "the club."

27

28                                     2
                             CLASS ACTION COMPLAINT

5.      The defendant Déjà Vu is a business entity the exact form of which is currently unknown.  Persons seeking to dance at Hustler clubs in San Francisco, including the plaintiff, have been told by club managers that Déjà Vu runs or manages the Hustler clubs including the one located at 1031 Kearny Street in San Francisco.  The web page for Larry Flynt's Hustler Club on its home page displays a map of the United States showing states where Hustler clubs are located and portraying a logo which says "DejaVu.com"

6.      The defendant S.A.W. Entertainment, LTD is believed to be a California corporation which is also known as SAW Entertainment Limited.  This defendant actually enters into written contracts with persons seeking to become adult dancers or entertainment entertainers at Larry Flynt's Hustler Clubs, including the plaintiff and members of the class.

7.      DOES 1-50 are individuals or entities whose true identities are unknown to the plaintiff at this time.  These DOE defendants aided and assisted and ratified the illegal labor practices engaged in by the named defendants.  These DOE defendants were the agents and co-employers of the plaintiff and other members of the class, functioning in such roles with the named defendants.  When the true identities of these DOE defendants is ascertained by the plaintiff, she will move to substitute the true names and identities and amend this complaint.

### III.

### FACTUAL ALLEGATIONS

8.      The plaintiff, Jessica Jackson, and other individuals seeking employment at any club owned or operated by the defendants are required to execute a written contract.  A true copy of such a contract that has been in usage for at least the past eighteen months is attached hereto as Exhibit A.

---

**3**

**CLASS ACTION COMPLAINT**

☑001/001

1    9.    At all times relevant over the past four years, the three named defendants and the

2    DOE defendants have been employers and joint employers of hundreds of females throughout

3    California. They have sought the services of these individuals to perform in clubs owned and/or

4    operated by them in California to perform semi nude or nude dances for customers of their

5    clubs. Those hired by the defendants are known as "dancers", "entertainers", or "strippers".

6    These dancers, who constitute the proposed class in this action, are expected to perform dances

7    onstage ("stage dances") and also private dances. Private dances are in the form of dances

8    performed on the open areas of the club (variously called "lap dances", "table dances" or "couch

9    

10   dances") as well as private dances performed in secluded areas of the club (known as "VIP

11   dances").

12   10.    All the clubs operated by the defendants in California have as a primary and

13   integral part of their business the sale of such dances to customers of the clubs. By means of

14   their marquee, the internet, other forms of commercial notice, the clubs advertise the physical

15   attractiveness of the female entertainers and that the clubs provide both stage and private dances.

16   

17   11.    The defendants are entities and individuals who have been in the adult

18   entertainment business for many years, are versed in employment and labor law, and have at

19   their disposal professional legal advice from California attorneys versed in California law as it

20   relates to adult dancers and entertainers. The defendant Déjà Vu in particular has been sued on

21   

22   numerous occasions within the past few years both by individual plaintiffs and by the California

23   Department of Labor Standards and Enforcement for misclassifying dancers as independent

24   contractors (when, in truth, the dancers have always been employees) and for misappropriating

25   gratuities earned by dancers.

26

27

28

4
**CLASS ACTION COMPLAINT**

1   12.   The three named defendants utilize and have utilized over the class period

2   standardized contracts in contracting with dancers. The purpose of these standardized contracts

3   has been to attempt to insulate the three named defendants from the costs of treating their

4   dancers as employees which, in fact, they always have been. By categorizing the dancers as

5   independent contractors, the defendants have sought to avoid the burdens of paying payroll

6   taxes, Social Security taxes, and workers compensation. However, the dancers have never met

7   the criteria of independent contractors for the following reasons among others:

8

9       a.   The defendants, at all times relevant, have strictly controlled the times

10   when dancers have been scheduled to work and have routinely imposed fines or other forms of

11   discipline when they have been late for a scheduled shift or have failed to appear for a scheduled

12   shift;

13

14       b.   The defendants, at all times relevant, have strictly controlled the amounts

15   of money that dancers have charged customers for private dances;

16       c.   The defendants, at all times relevant, have strictly controlled the working

17   conditions including the dancers not being able to leave the premises during a shift, the amount

18   of time that dancers may absent themselves from the public areas of the clubs, and the time

19   when dancers may leave the premises following their shift;

20

21       d.   The defendants, at all times relevant, have strictly controlled the dress and

22   appearance of the dancers including their costumes, their shoes, their hairstyles, their make-up,

23   and their display of tattoos or piercings;

24       e.   The work relationship between the defendants and their dancers is not for

25   a single job or project but rather is typically an ongoing work relationship;

26

27

28                                    5
                        **CLASS ACTION COMPLAINT**

1    f.    The defendants' investment in the operation of their clubs, including

2    liquor license, inventory, fixtures, lease, advertising, and payroll for doormen, managers, disc

3    jockeys, and bartenders versus the investment of an individual dancer is vastly disproportionate;

4    g.    The dancer has no meaningful opportunity for profit or loss based on her

5    managerial skill; rather, her ability to earn tips is dependent on the number of customers and that

6

7    number is largely beyond her control and rests primarily in the club's advertising, admission

8    policy, drink pricing, and the overall attractiveness of the club, including other dancers hired by

9    the club;

10    h.    The skills required of the dancer are not on a par with those normally seen

11    in the case of a true independent contractor either in terms of training, education, licensing, or

12    experience; and

13

14    i.    The economic reality for the dancer is that she is not in business for

15    herself but is dependent upon finding work in a business establishment owned by some other

16    person or entity.

17    13.    The standardized contract utilized by the defendants to avoid the legal and

18    financial burdens of the employer-employee relationship (See Exhibit A) is a shallow and

19    amateurish subterfuge. The defendants provide at the outset a "Notice of Contract Alternative:

20    Employee Status". That notice commences with "Entertainers have historically performed at

21

22    this club as independent contractors who control, if, when, where, how, and for who they

23    perform. However, if you wish to become an 'EMPLOYEE' of this club, you may apply to do

24    so." This, of course, is an absurdity; it is the business operator's duty to properly classify

25    workers as either employees or independent contractors.  Furthermore, strictures on the election

26    to be a "EMPLOYEE" has guaranteed that work applicants would never select this supposed

27

28
_____
6
**CLASS ACTION COMPLAINT**

1  election and, in fact, very few, if any, dancers have "applied" to become an "EMPLOYEE". For

2  example, Condition (8) for an EMPLOYEE provides: "There will be a ten (10) dance per shift

3  quota and a failure to make quota may result in termination". Condition (12) states "The Club

4  will assign your hours of work for any shifts available and you are not guaranteed any minimum

5
6  number of hours". Condition (16) provides: "You will not be permitted to work overtime or

7  permitted to be on schedule for more than 4 hours, unless directed by management". These

8  restrictive provisions render the work offer meaningless. The dancer would essentially be "on

9  call" without any assurance of how many shifts, if any, she might receive. The four hour

10  limitation on shift duration also deters; by the time a dancer travels to the club and puts on her

11  costume and make-up, a four hour opportunity to make tips, particularly on a slow day or in a

12
13  bad economy, is a marginal one. This is particularly true when, as here, the dancer is subject to

14  termination if she fails to meet her quota of providing ten dances on that shift.

15        14.    Exhibit A also contains the Club/Performer contract. This contract is again a

16  shallow subterfuge which attempts to convert employee status into an independent contractor

17  relationship. It has numerous terms which are adhesive and unconscionable, many of which are

18  grouped in Section V (Other Contract Terms). The adhesive and unconscionable clauses are so

19  unilateral and egregious that they invalidate the entire contract. These include the contract's

20
21  attempt to provide that if the dancer is ever deemed to be an employee the dancer agrees to set

22  off any of the gratuities (dance fees) she was paid against any damages arising from the

23  misclassification, see (V)(2). This would be in clear violation of Labor Code §351. The

24  contract provides the dancer waives the normal statutory statute of limitations for labor code

25  violations and agrees to a six month limitation, see (V)(7). Finally, the contract provides the

26  dancer waives her right to bring a representative or class action or even consolidate her claims

27
28
                                    7
                       CLASS ACTION COMPLAINT

1    with the claims of others, *see* (V)(8).

2       15.     Moreover, this purported contract does not even address some of the illegal labor

3   practices that have routinely occurred at clubs owned and operated by the defendants and which

4   have impacted the plaintiff and all members of the class. These practices include:

5

6       a.      Requiring that dancers pay a "stage fee" or "door fee" for every shift that

7   they work. While nowhere mentioned in the contract, these daily charges, which can range from

8   $30 to as much as $80 or more, are paid to managers of the defendants' clubs and represent a

9   "kickback" of the gratuities given to the dancers by customers;

10       b.      Requiring the dancers to "tip out" other employees of the club such as

11   managers, assistant managers, disc jockeys, doormen, or "house moms," many of whom have no

12   direct servicing responsibility toward the customers. Although nowhere mentioned in the

13

14   defendants' contract, this forced tipping of other employees of the defendants imposes a

15   significant financial burden on the dancer, who may be expected to give up as much as 10% or

16   more of the gratuities that she has earned during the course of her shift; and

17       c.      Discounting the amount of gratuities and/or dance fees earned by a dancer

18   when the customer utilizes a credit card as a means of paying for private dances. Although the

19   defendants' contract does reference this discounting (IV)(D), the contract avoids the reference to

20

21   the use of a credit card since that implicates California Labor Code §351. What has consistently

22   occurred at all clubs operated by the defendants during the class period is that customers have

23   routinely purchased a form of script issued by the club by charging against his/her credit card.

24   The customer loses because there is a fee imposed by the club for the use of the credit card but a

25   dancer in the defendants' clubs also suffers a loss because she is unable to redeem the script for

26   its nominal face value. Instead, when a dancer redeems the script from the club, she does so at a

27

28

8<br>**CLASS ACTION COMPLAINT**

1    substantial discount. While such script in the trade is often referred to as "funny money," these

2    defendants have had the ill grace to refer to it as "beaver bucks."

3       16.    All of the clubs owned and/or operated by these defendants in California are

4    operated under the same rigid structure and have employed identical practices and policies

5
   including the use of the same standardized written form contracts.

6

7       17.    The amounts of monies diverted from the plaintiff and other dancers during the

8    class period can be ascertained from the financial records of the defendants and from other

9    forms of discovery. The amounts of unpaid minimum wages owed to the plaintiff and other

10    class members can be ascertained from the shift records of the defendants and other forms of

11    discovery.

12                               III.

13
                   CLASS ALLEGATIONS

14

15       18.    The plaintiff seeks to represent the following class:

16           All individuals who are or were employed as dancers at any time since December

17    12, 2004 in any clubs or adult dance establishments operated and/or owned by the defendants in

18    the State of California.

19       19.    The class is ascertainable because the defendants required dancers working at

20
   their establishments to provide their names, addresses, Social Security numbers, and other

21
   identifying data and defendants have maintained this data.

22

23       20.    The class is believed to consist of several hundred individuals during the class

24    period and it is believed that during the class period well in excess of 100 individuals were

25    employed at the Hustler Club on Kearny Street alone.

26

27

28

**CLASS ACTION COMPLAINT**

1    21.    Common issues of fact and law exist and predominate over individual issues.

2    Among such issues are:

3          a.    Whether the dancers were employees or independent contractors;

4          b.    Whether the contracts utilized by the defendants are void for their
5                adhesive and unconscionable conditions;
6
7          c.    Whether the dancers should have received minimum wage under the
8                California Labor Code;

9          d.    Whether the imposition of a stage or door fee has constituted a violation
10               of Labor Code §§221, 223, 351, and/or 450;

11         e.    Whether the defendants' requirement that dancers "tip out" other non-
12               service club employees constituted a violation of California Labor Code
13               §§221, 223, 351, 450, and/or 2802;
14
15         f.    Whether the defendants' discounting the face value of "beaver bucks" or
16               other forms of script has constituted a violation of Labor Code §§221,
17               223, 351, and/or 450;

18         g.    Whether the plaintiff and the class are entitled to a declaratory judgment
19               that the above practices are illegal and that the defendants have
20               misclassified the dancers as independent contractors;
21
22         h.    Whether the plaintiff and/or members of the class are entitled to
23               injunctive relief directing that the defendants cease their illegal labor
24               practices; and

25         i.    Whether the defendants are liable to the plaintiff and the class for illegal
26               conversion of monies earned as dancers.
27

28 _____
                        10
               **CLASS ACTION COMPLAINT**

1   22.   The claims of the plaintiff, Jessica Jackson, are typical of those she seeks to raise

2   on behalf of the class. She was employed during the class period by the defendants in a club that

3   they owned or operated within the State of California. She was an employee, not an independent

4   contractor, but was not paid any wages. She was required to pay a stage or door fee, was

5   required to tip out non-servicing employees of the defendants from her tips and gratuities, and

6   had "beaver bucks," that were given to her by customers, discounted by the defendants. She has

7   had "beaver bucks," that were given to her by customers, discounted by the defendants. She has

8   no conflicts with other members of the class and has retained experienced counsel who have

9   litigated numerous class action wage and hour suits in California on behalf of employees.

10  Together, the two law firms representing the plaintiff have handled in excess of eighty wage and

11  hour class actions in California.

12  23.   A class action is superior to any other form of disposition of the claims of the

13  plaintiff and class members. Although the contract signed by the plaintiff and the members of

14  the class provides in (V)(6) that any dispute is to be decided by binding arbitration, it goes on to

15  the class provides in (V)(6) that any dispute is to be decided by binding arbitration, it goes on to

16  say "The arbitrator shall have no authority or jurisdiction over a class action." Furthermore, the

17  entire contract is voidable because of the adhesive unilateral and unconscionable terms so that

18  even arbitration of the plaintiff's individual claims is not required. The filing of individual

19  lawsuits by members of the class would result in duplicative litigation and risk the chance of

20  conflicting judicial findings. Class actions are well suited to uphold the legislative intent

21  conflicting judicial findings. Class actions are well suited to uphold the legislative intent

22  inherent in the labor statutes of California and to allow persons of limited means to obtain

23  redress against powerful corporations within an industry. Lastly, a class action is superior to

24  administrative complaints before the Labor Commissioner because such complaints are limited

25  to three years and because the ruling of the Labor Commissioner is subject to *de novo* review by

26  the losing party in the Superior Court anyway.

27

28

---

11
CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**(FAILURE TO PAY CALIFORNIA MINIMUM WAGE, CAL LABOR CODE §1197)**

24.     Plaintiff re-alleges Paragraphs 1-23 of this Complaint and here incorporates them by reference.

25.     Plaintiff and other members of the class were employed as dancers in the clubs operated by the defendants in California.  At all times while so employed they have been employees of the defendants and not independent contractors.

26.     Defendants failed to pay plaintiff and other members of the class any wage, let alone the California minimum wage.  Instead, defendants required plaintiff and other dancers to work for only a portion of the tips they were given by customers.

27.     Defendant's failure to pay plaintiff and other class members California's minimum wage has been intentional and constituted a violation of California Labor Code §1197.

**SECOND CAUSE OF ACTION**

**(WAITING TIME PENALTIES, CAL. LABOR CODE §203)**

28.     Plaintiff re-alleges Paragraphs 1-23 of this Complaint and here incorporates them by reference.

29.     Plaintiff and other class members who were employed by the defendants and have left their employ were entitled to the prompt payment of all unpaid wages, and, specifically the minimum wages due the plaintiff and other class members, pursuant to Labor Code §§201 and 202.

30.     The defendants intentionally failed to pay the plaintiff and other class members all wages due following the termination of their employment and this constituted a violation of California Labor Code §203.

THIRD CAUSE OF ACTION

**(FAILURE TO INDEMNIFY EMPLOYEES' BUSINESS EXPENSES, CAL. LABOR CODE §2802)**

31.    Plaintiff re-alleges Paragraphs 1-23 of this Complaint and here incorporates them by reference.

32.    During their employment as dancers by the defendants, the plaintiff and other class members were regularly compelled by the defendants to pay expenses as a business condition of their employ as dancers.

33.    The business expenses that the plaintiff and other dancers were required to incur have included:

a) "stage" or "door" fees paid to managers daily for the right to work a shift;

b) "tips" that dancers were required to give to other personnel at a club who did not directly serve customers, such as doormen, disc jockeys, house moms, assistant managers, and bartenders;

c) clothing, accessories, and cosmetics that the defendant required, with some particularity, that the dancers have to work at a club.

34.    All of these expenses were mandated by the defendants and have never been reimbursed or otherwise paid for by the defendants. This failure to indemnify the plaintiff and other class members for these business expenses constituted a violation of California Labor Code §2802.

FOURTH CAUSE OF ACTION

**(UNFAIR COMPETITION LAW, CAL. BUSINESS & PROFESSIONS CODE §§17200, *ET SEQ.*)**

35.    Plaintiff re-alleges all the preceding paragraphs of this Complaint and incorporates them here by reference.

36.     California's Unfair Competition Law, the UCL, is set forth in Business &

Professions Code at §17200 *et seq.* The UCL prohibits business practices that are illegal, unfair,

or fraudulent.

37.     The defendants committed acts against the plaintiff and other members of the

class which were both illegal and unfair. The acts were committed with consistency and

uniformity throughout the class period and are ongoing. The illegal and unfair practices as set

forth in more detail in the preceding paragraphs of this Complaint include:

        a) Failure to pay dancers California minimum wages (Labor Code §1197);

        b) Failure to promptly pay dancers all wages due (Labor Code §203);

        c) Improper appropriation of dancers' tips and gratuities (Labor Code §351);

        d) Failure to indemnify dancers for business expenses (Labor Code §2802); and

        e) Coercing dancers to pay stage or door fees and to tip out other club personnel

        (Labor Code §450).

38.     The practices of the defendants complained of in this action  were done and

continue to be done to gain an unfair business advantage over competitors and over the dancers.

### FIFTH CAUSE OF ACTION

### (VIOLATION OF SAN FRANCISCO MINIMUM WAGE ORDINANCE)

39.     Plaintiff re-alleges all the preceding paragraphs of this Complaint and

incorporates them here by reference.

40.     With respect to the plaintiff and other class members who were employed by

defendants as dancers within the city limits of San Francisco, the Defendants willfully failed to

pay the minimum wages mandated by City Ordinance, San Francisco Administrative Code,

Chapter 12R.

---

14
**CLASS ACTION COMPLAINT**

# PRAYER

Wherefore, the plaintiff on her own behalf and on behalf of all others similarly situated prays for the following relief:

1. Payment by the defendants of all minimum wages due, plus liquidated damages with interest thereon;

2. Restitution and payment for all monies, tips, and gratuities taken from the plaintiff and other class members by the defendants;

3. Reimbursement by the defendants for all business expenses incurred by the plaintiff and class members;

4. Payment of interest on all sums due;

5. A declaration from this Court that dancers employed by the defendants are employees and not independent contractors;

6. An order enjoining the defendants from continuing their illegal practices as described in this Complaint;

7. Reasonable attorney fees and costs;

8. Such other relief as this Court may deem fit and appropriate.

DATED: December 12, 2008                  Respectfully submitted,

                                          MCINERNEY & JONES

                                          By: _____
                                               Kevin J. McInerney
                                               *Attorneys for Plaintiff
                                               And Others Similarly Situated*

---

15
CLASS ACTION COMPLAINT

## TO ALL ENTERTAINERS
## NOTICE OF CONTRACT ALTERNATIVE/EMPLOYEE STATUS

Entertainers have historically performed at this Club as independent contractors with control if, when, where, how and for whom they perform. However, if you wish to become an "EMPLOYEE" of this club, you may apply to do so. The employee-entertainer status includes the following terms:

(1)   After completing all employee forms, you will be placed on the Club's payroll;

(2)   Any current performance contract will be terminated;

(3)   Your position will require you to sell and perform private dance services;

(4)   If you are qualified, you will be paid $22.50 per hour;

(5)   You will be paid by check on a bi-weekly basis, with all required tax withholdings;

(6)   The Club will collect from patrons, and will disburse fees for private dances;

(7)   You will be entitled to retain all gratuities clients given to you (gratuities are the amounts given to you by patrons while you are on stage, or amounts voluntarily given to you by patrons over and above the posted dance fee);

(8)   There will be a ten (10) dance per shift quota and a failure to make quota may result in termination;

(9)   Quotas will be calculated based on weekly (not daily) totals;

(10)   You will be required to perform dance services for any customer who requests to purchase a dance, perform in club promotions, and perform on stage as required by management;

(11)   You will be required to report all tips at the end of each shift, as required by federal tip reporting policy;

(12)   The Club will assign your hours of work for any shifts available and you are not guaranteed any minimum number of hours;

(13)   You will be required to arrive at work consistent with your scheduled times;

(14)   You will be required to clock in and out, including meal breaks;

(15)   You will be entitled meal and rest periods only as required by law;

(16)   You will not be permitted to work overtime or permitted to be on schedule for more than 4 hours, unless directed by management;

(18)   The club will issue you one costume per month, at its own expense;

(20)   Like all other club employees, including management, you will be an "at will" employee, which means you can be terminated with or without cause, as defined by applicable law;

(21)   Nude and semi-nude entertainment is performed; accordingly, you must affirm:

   • a willingness to perform nude and/or semi-nude entertainment;
   • that you are not offended by nude and/or semi-nude entertainment or by others who are nude or semi-nude;
   • that you fully understand that others will be performing nude or semi-nude;
   • you fully understand that you may be exposed to frank comment.

THIS OFFER DOES NOT CONSTITUTE AN EMPLOYMENT CONTRACT. THESE ARE MERELY GUIDELINES AND ARE SUBJECT TO CHANGE AT MANAGEMENT DISCRETION. MANAGEMENT RESERVES ALL ITS RIGHTS TO DIRECT AND CONTROL EMPLOYEES AS PERMITTED BY LAW. PLEASE NOTIFY THE MANAGER IMMEDIATELY IF YOU WOULD LIKE TO APPLY TO BECOME AN "EMPLOYEE ENTERTAINER". IF YOU DO NOT WISH TO BECOME AN "EMPLOYEE" YOU MAY CHOSE TO PERFORM AT THE CLUB PURSUANT TO CONTRACT.

IMPORTANT NOTE: THE CLUB'S MANAGERS HAVE NO OPINION ON THE MATTER, AND THEY WILL NOT ENCOURAGE OR DISCOURAGE YOUR DECISION. IT IS YOUR FREE CHOICE. YOU MAY WISH TO CONSULT YOUR ATTORNEY OR ACCOUNTANT PRIOR TO MAKING YOUR DECISION.

I have read the Notice to Entertainers and accept. Please provide me with the employee Application Forms.

I have read the Notice to Entertainers. I CHOOSE TO decline employee as an employee dancer and choose to work as an entertainer.

DATE: _____

DATE: 4-15-08

Offer 1.07.est

04/17/2008  16:11  4159864736  FEDEXKINKOS2236  PAGE  03/06

# HUSTLER 2008
## CLUB/PERFORMER CONTRACT

THIS IS A LEGAL DOCUMENT. DO NOT SIGN UNLESS YOU UNDERSTAND & AGREE TO IT.

WHEREAS: SAW ENTERTAINMENT, LTD ("Owner") operates a business which is unique due to zoning and/or licensing which allows live nude or semi-nude entertainment to the adult public;

WHEREAS: Performer wants to market and sell dance entertainment at Owners' business;

WHEREAS: The parties desire to establish the terms of their relationship including how Performer shall be compensated;

Therefore, Performer and Owner agree:

**I. TERM.** This Contract begins on signing and ends January 15, 2009, or when terminated as provided herein.

**II. DANCE FEES**

**1.** Collection Box: The parties agree that all dance fees (not tips) shall be deposited into the dance fee collection box issued by Owner.

**2. Allocation of Dance Fees**

**A.** Proceeds from Minimum Dance Sales Are Owner's Property. Performer agrees to perform a minimum of 10 private dances during each performance date. This minimum may, at owner's discretion, be reduced based on scheduling concerns. *The mandatory fee paid for these private dances, up to $200.00, shall be the exclusive property of the Owner.*

**B.** Proceeds From Dance Sales In Excess of Minimums Are Payable to Performer As Set Forth Below. *The proceeds from the dance fees paid for dances in excess of the minimum set forth above shall be paid by Owner to Performer as set forth in Paragraph III "Owner's Obligations" and sub- Paragraph 1 "Compensation" below.*

**III. PERFORMER'S OBLIGATIONS**

**1.** Market Private Dance Services. Performer agrees to use her skills, artistic talents and best efforts to sell private dance services to club patrons for a set and mandatory service fee, and

**A.** Perform semi-nude entertainment as permitted by law;

**B.** Possess current permits as required by law and be knowledgeable about and avoid violating any laws, rules or regulations.

**2.** Collection Box. Performer shall require patrons to deposit dance fees (not tips) into the collection box provided by Owner. FAILURE TO ABIDE BY THIS TERM SHALL RESULT IN TERMINATION OF THE CONTRACT.

**3.** Scheduling. Owner shall provide Performer with available Performance Dates. Performer is free to perform if and when she chooses based on such availability. To keep this contract in effect, however, Performer agrees to perform a minimum of 3 performance dates per week. If Performer

schedules performances, she agrees to provide such schedule one week in advance. On each scheduled performance date, Performer promises to arrive on time and complete her full performance date as scheduled.

**4.** Appear on Stage and in Promotions. Performer agrees to appear on stage on a rotational basis and appear in promotions during her performance date.

**5.** Respect Property, Law and Safety. Performer agrees to avoid damaging Owner's property, and to comply with safety and legal requirements, including Owner's zero tolerance policy concerning the use of drugs, under-age drinking and arranging for or engaging in prostitution.

**6.** No assignments This contract concerns Performer's skills and artistic talents. She may not assign her rights or obligations under this Contract, but may supply a qualified substitute.

**7.** Non-Exclusive: Performer's obligations are non-exclusive; she is free to perform at other businesses.

**8.** Control of Performances: Performer retains exclusive control over the character, manner and means of her performances, so long as no law is violated.

**9.** Intellectual Property: Performer shall retain all intellectual property rights to her performances, stage names and likeness unless assigned in writing.

**10.** Costumes: Performer shall provide her own costumes over which she retains exclusive control provided they comply with applicable laws and are professional costumes which do not conflict with the upscale gentlemen's club theme.

**11.** Nature of Business: Performer recognizes that she may be subjected to nudity, sexually explicit language and depictions of explicit conduct. Performer represents that she does not find such sights or sounds offensive. NONETHELESS, OWNER PROHIBITS SEXUAL HARASSMENT AND HAS A FORMAL POLICY AND PROCEDURE WHICH PERFORMER IS REQUIRED TO FOLLOW.

**12.** Tips or gratuities. Performer agrees not to charge patrons more than the mandatory posted price for private dances. However, any amounts voluntarily given directly to Performer which is over and above the posted price for dances is a "tip" and is the sole property of Performer. Performer shall be solely responsible for accounting for tips she receives and reporting them as income.

**IV. OWNER'S OBLIGATIONS**

**1. COMPENSATION**

**A.** Main Floor Private Dances. Owner shall pay Performer the proceeds of all post-minimum private dances (defined at II A 2 above) performed on the main floor.

**B.** VIP Dances. Owner shall pay to Performer $70 for each $100 VIP Dance and $40 for each $60 VIP Dance marketed by Performer, provided such dances are in excess of Performers' minimum as set forth in paragraph II 2 A above.

**C.** Champagne Room Rentals & Dance Fees. Owner shall retain 100% of the champagne room rental

# EXHIBIT

# B

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kevin J. McInerney, 46941<br>MC INERNEY & JONES<br>18124 Wedge Parkway Suite 503<br>Reno, NV 89511<br>TELEPHONE NO.: (775) 849-3811<br>ATTORNEY FOR (Name): Plaintiff | F I L E D<br>Superior Court of California<br>County of San Francisco<br><br>JAN 0 2 2009<br><br>GORDON PARK-LI, Clerk<br>BY: _____<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| Superior Court of California, San Francisco County<br>400 McAllister Street, Civil<br>San Francisco, CA 94102-0000 | |

| PLAINTIFF/PETITIONER: Jackson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: S.A.W. Entertainment Limited, et al. | CGC-08-482937 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>none |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons; Complaint; Civil Case Cover Sheet; Case Management Statement; Judicial Mediation Program; ADR Package

3. a. Party served: S.A.W. Entertainment Limited aka SAW Entertainment, LTD

    b. Person Served: Margaret Wilson - CT Corporation System - Person authorized to accept service of process

4. Address where the party was served: 818 West Seventh Street 2nd Floor
                                          Los Angeles, CA 90017

5. I served the party
    b. by substituted service. On (date): 12/31/2008        at (time): 12:35 PM  I left the documents listed in item 2 with or
       in the presence of: Margaret Wilson - CT Corporation System

        (1) (business)  a person at least 18 years of age apparently in charge at the office or usual place of business of
                        the person to be served. I informed him or her of the general nature of the papers.

    (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    c. on behalf of:

    S.A.W. Entertainment Limited aka SAW Entertainment, LTD

    under:         Other: Business Organization Form Unknown

7. Person who served papers
    a. Name: .         Mario Lopez
    b. Address:        One Legal - 194-Marin
                       504 Redwood Blvd #223
                       Novato, CA 94947
    c. Telephone number: 415-491-0606
    d. The fee for service was: $ 48.50
    e. I am:
        (3) registered California process server.
            (i) Employee or independent contractor.
            (ii) Registration No.: 5143
            (iii) County LOS ANGELES

BY FAX

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 12/31/2008

                Mario Lopez
    (NAME OF PERSON WHO SERVED PAPERS)                                (SIGNATURE)

Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>(Rev. Jan 1, 2007)                    PROOF OF SERVICE OF SUMMONS                Code of Civil Procedure, § 417.10

                                                                    OL# 6678654

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Kevin J. McInerney, 46941<br>MC INERNEY & JONES<br>18124 Wedge Parkway Suite 503<br>Reno, NV 89511 | (775) 849-3811 | |
| ATTORNEY FOR (Name): Plaintiff | Ref. No. or File No.<br>none | |

Insert name of court, judicial district or branch court, if any:

Superior Court of California, San Francisco County
400 McAllister Street, Civil
San Francisco, CA 94102-0000

PLAINTIFF:

Jackson

DEFENDANT:

S.A.W. Entertainment Limited, et al.

| PROOF OF SERVICE BY MAIL | | | CASE NUMBER:<br>CGC-08-482937 |
|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 504 Redwood Blvd #223, Novato, CA 94947.

On 12/31/2008, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of the:

Summons; Complaint; Civil Case Cover Sheet; Case Management Statement; Judicial Mediation Program; ADR Package

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, CA, California, addressed as follows:

S.A.W. Entertainment Limited aka SAW Entertainment, LTD
Margaret Wilson - CT Corporation System
818 West Seventh Street, 2nd Floor
Los Angeles, CA 90017

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

BY FAX

$ 48.50

Solomon Rodriguez
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA 94947

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 12/31/2008 at Los Angeles, California.

Solomon Rodriguez

OL# 6678664

01/30/2009 11:00 FAX   14153511389                                                ☑001/001

12/31/08  12:30p.



**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

~~S.A.W. Entertainment Limited aka SAW~~
Entertainment, LTD; Larry Flynt's Hustler Club;
Deja Vu, and DOES 1-50

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jessica Jackson, individually and on behalf of
all others similarly situated

FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)



RECEIVED
JAN 0 5 2009
By AP

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco Superior Court<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | CASE NUMBER:<br>*(Número del Caso):* CGC - 08-482937 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kevin J. McInerney (775) 849-3811        James F. Clapp (858) 623-4200
McInerney & Jones                        4370 La Jolla Village Dr. Ste 970
18124 Wedge Pkwy #503 Reno, NV 89511     Gordon Park-Li, San Diego, CA

DATE:                          Clerk, by  CRISTINA E. BAUTISTA , Deputy
*(Fecha)* DEC 1 2 2008         *(Secretario)*                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):* S.A.W. Entertainment Limited aka
3. ☒ on behalf of *(specify):* SAW Entertainment, Ltd.
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* 415.95 Business Entity Form Unknown
4. ☒ by personal delivery on *(date):* 12.31.08

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]        **SUMMONS**        Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.
www.USCourtForms.com

# EXHIBIT

# C

☑ 001/001

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Kevin J. McInerney, 46941<br>MC INERNEY & JONES<br>18124 Wedge Parkway Suite 503<br>Reno, NV 89511<br>TELEPHONE NO.: (775) 849-3811<br>ATTORNEY FOR (Name): Plaintiff | **F I L E D**<br>Superior Court of California<br>County of San Francisco<br><br>JAN - 9 2009<br><br>GORDON PARK-LI, Clerk<br>BY: _____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

Superior Court of California, San Francisco County
400 McAllister Street, Civil
San Francisco, CA 94102-0000

| PLAINTIFF/PETITIONER: Jackson | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: S.A.W. Entertainment Limited, et al. | CGC-08-482937 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>none |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons; Complaint; Civil Case Cover Sheet; Case Management Statement; Judicial Mediation Program; AE Package

**BY FAX**

3. a. Party served: Larry Flynt's Hustler Club

   b. Person Served: James B. Chamberlain - Person authorized to accept service of process

4. Address where the party was served: 8484 Wilshire Blvd Suite 900
   Beverly Hills, CA 90211

5. I served the party
   b. by substituted service. On (date): 1/7/2009          at (time): 2:50 PM   I left the documents listed in item 2 with or in the presence of: Mark Hoffman – Person In Charge
      (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:

   Larry Flynt's Hustler Club

   under:      Other: Business Organization Form Unknown

7. Person who served papers
   a. Name:        Susan Maralit
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA  94947
   c. Telephone number: 415-491-0606
   d. The fee for service was:  $ 78.50
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 5664
         (iii) County LOS ANGELES

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 1/8/2009

Susan Maralit                                    _Susan M Maralit_
NAME OF PERSON WHO SERVED PAPERS                 (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 6678665

☑001/001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO: | FOR COURT USE ONLY |
|---|---|---|---|
| Kevin J. McInerney, 46941<br>MC INERNEY & JONES<br>18124 Wedge Parkway Suite 503<br>Reno, NV 89511 | | (775) 849-3811 | |
| ATTORNEY FOR (Name): Plaintiff | Ref. No. or File No.<br>none | | |

Insert name of court, judicial district or branch court, if any:

Superior Court of California, San Francisco County
400 McAllister Street, Civil
San Francisco, CA 94102-0000

PLAINTIFF:

Jackson

DEFENDANT:

S.A.W. Entertainment Limited, et al.

| PROOF OF SERVICE BY MAIL | | | | CASE NUMBER:<br>CGC-08-482937 |
|---|---|---|---|---|

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 504 Redwood Blvd #223, Novato, CA 94947.

On 1/8/2009, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of the:

Summons; Complaint; Civil Case Cover Sheet; Case Management Statement; Judicial Mediation Program; ADR Package

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, CA, California, addressed as follows:

Larry Flynt's Hustler Club
James B. Chamberlain
8484 Wilshire Blvd Suite 900
Beverly Hills, CA 90211

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

S 78.50

Mirian Flores
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA 94947

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 1/8/2009 at Los Angeles, California.

Mirian Flores

OL# 6678665

**FILED** POS-010
SUPERIOR COURT
FOR COURT USE ONLY COUNTY OF SAN FRANCISCO

2009 JAN 21 PH 2: 29

GORDON PARK-LI. CLERK

BY: _____ CLERK

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kevin J. McInerney, 46941
MC INERNEY & JONES
18124 Wedge Parkway Suite 503
Reno, NV 89511
TELEPHONE NO.: (775) 849-3811
ATTORNEY FOR (Name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Francisco County
400 McAllister Street, Civil
San Francisco, CA 94102-0000

PLAINTIFF/PETITIONER: Jackson

DEFENDANT/RESPONDENT: S.A.W. Entertainment Limited, et al.

CASE NUMBER:
CGC-08-482937

_Amended_ **PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
none

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Summons; Complaint; Civil Case Cover Sheet; Case Management Statement; Judicial Mediation Program; AC Package

3. a. Party served: Larry Flynt's Hustler Club

   b. Person Served: James B. Chamberlain - Person authorized to accept service of process

4. Address where the party was served: 1631 W. Beverly Blvd. 2ndFL
   Los Angeles, CA 90026

5. I served the party
   b. by substituted service. On (date): 1/8/2009 at (time): 3:00 PM I left the documents listed in Item 2 with or in the presence of: Mark Hoffman
   (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   c. on behalf of:
   Larry Flynt's Hustler Club
   under: Other: Business Organization Form Unknown

7. Person who served papers
   a. Name: Susan Maralit
   b. Address: One Legal - 194-Marin
      504 Redwood Blvd #223
      Novato, CA 94947
   c. Telephone number: 415-491-0606
   d. The fee for service was: $78.50
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 5664
         (iii) County LOS ANGELES

**BY FAX**

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 1/21/2009

Susan Maralit
(NAME OF PERSON WHO SERVED PAPERS)

_Susan M Maralit_
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
(Rev. Jan 1, 2007)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 6678665

10364234 ff - 1/21/2009 11:04:24 AM

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
Kevin J. McInerney, 46941
MC INERNEY & JONES
18124 Wedge Parkway Suite 503
Reno, NV 89511

TELEPHONE NO.: (775) 849-3811

FOR COURT USE ONLY

ATTORNEY FOR (Name): Plaintiff

Insert name of court, judicial district or branch court, if any:

Ref. No. or File No.
none

Superior Court of California, San Francisco County
400 McAllister Street, Civil
San Francisco, CA  94102-0000

PLAINTIFF:
Jackson·

DEFENDANT:
S.A.W. Entertainment Limited, et al.

Amended

**PROOF OF SERVICE BY MAIL**

CASE NUMBER:
CGC-08-482937

I am a citizen of the United States, over the age of 18 and not a party to the within action.  My business address is 504 Redwood Blvd #223, Novato, CA  94947.

On 1/21/2009, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCIV.P 4(d)(1) was made, I mailed copies of the:

Summons; Complaint; Civil Case Cover Sheet; Case Management Statement; Judicial Mediation Program; ADR Package

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Los Angeles, CA, California, addressed as follows:

Larry Flynt's Hustler Club
*James B. Chamberlain*
1631 W. Beverly Blvd., 2ndFL
Los Angeles, CA  90026

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

# BY FAX

$ 78.50

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 1/21/2009 at Los Angeles, California.

Solomon Rodriguez
One Legal - 194-Marin
504 Redwood Blvd #223
Novato, CA  94947

Solomon Rodriguez

OL# 6678665·

10364234 bf - 1/21/2009 11:04:24 AM