DOUGLAS J. MELTON  State Bar #161353
HELEN MCFARLAND State Bar #231501
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA  94104
Telephone:    (415) 397-2222
Facsimile:     (415) 397-6392
Email:           dmelton@longlevit.com
                    hmcfarland@longlevit.com

*Attorneys for Defendant*
S.A.W. Entertainment Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>S.A.W. ENTERTAINMENT LIMITED aka SAW ENTERTAINMENT, LTD; LARRY FLYNT'S HUSTLER CLUB; DEJA VU, and Does 1-50,<br><br>Defendant. | CASE No. CV 09 0448 - EC<br><br>**NOTICE OF DEFENDANT SAW ENTERTAINMENT LIMITED'S PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:           April 8, 2009<br>Time:          10:30 a.m.<br>Dept:          C<br><br>Action Filed:    December 12, 2008<br>Action Removed:  February 2, 2009<br><br>Judge:         The Honorable Edward M. Chen |

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

NOTICE OF PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES

## I. NOTICE

PLEASE TAKE NOTICE THAT ON April 8, 2009, before the Honorable Edward M. Chen at 10:30 a.m. in courtroom C of the above captioned court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant SAW ENTERTAINMENT LIMITED, dba LARRY FLYNT'S HUSTLER CLUB ("SAW") will, and hereby does, petition this Court for an order to compelling arbitration of any and all disputes between it and Plaintiff JESSICA JACKSON and staying this litigation.

This petition is made on the grounds that SAW and JACKSON knowingly and voluntarily entered a valid and enforceable contract providing that all disputes between them related to their business relationship would be resolved by binding arbitration in accordance wit the Federal Arbitration Act.

This petition is based upon and supported by the evidence and arguments set forth in this Notice and Memorandum of Points and Authorities, the Declarations of Douglas J. Melton, Shawn C. Doyle, and Joseph Carouba, SAW's Request for Judicial Notice, and the Proposed Order filed and served herewith, the pleadings on file herein, and such other further evidence and argument as may hereafter be presented.

## II. INTRODUCTION AND RELIEF SOUGHT

This is a lawsuit by Nevada resident and licensed Nevada exotic dancer, JESSICA JACKSON, who performed as an independent contractor at San Francisco nightclub Larry Flynt's Hustler Club ("the Club") on three dates in April of 2008. Despite specifically declining employee status, and stating that she was also performing at other nightclubs in Nevada, JACKSON now sues the owner of the Club, Defendant SAW [1], alleging that during her three performances, she should have been classified as a payroll employee and not a contract entertainer. JACKSON seeks as damages minimum wages, reimbursement for alleged "business expenses," "tips" she claims that SAW wrongfully withheld, and attorneys' fees. JACKSON also seeks a declaration that she should have been classified as an employee and an injunction precluding SAW from permitting other exotic dancers to perform as contractors and requiring

---

[1] JACKSON also purports to sue "Larry Flynt's Hustler Club," and "DÉJÀ VU," which, as detailed herein, are not legal entities but merely trade names.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

them to perform as "employees" in the future. JACKSON styles her complaint as a purported class action.[2]

As detailed herein, JACKSON signed a contract that incorporated an arbitration agreement with SAW providing that all disputes "arising out of [the] Contract or Performer's performances . . . shall be decided by binding Arbitration . . . pursuant to the Federal Arbitration Act." Accordingly, SAW hereby petitions this Court for an order compelling JACKSON to arbitrate all of the matters alleged in her complaint and staying this action.

## III.  FACTS

### A. The Parties

As noted, JACKSON is a licensed exotic dancer who resides, and is a licensed exotic dancer in, the State of Nevada. *See Declaration of Shawn C. Doyle in Support of Petition for Arbitration* ("*Doyle Decl.*") ¶4, Exh. A. At the time she sought to perform at the Club, JACKSON advised that she was not only a resident of Nevada, but that she was currently performing at other adult entertainment venues in Reno, Nevada, including The Men's Club, Diamond Jacks, and Diamond Dolls. *Id.* She also formally declined employee status. See Exhibit A to Complaint ("Notice of Contract Alternative Employee Status"), attached as Exhibit 1 to *SAW's Request for Judicial Notice* ("*RJN*").

SAW is the owner of "Larry Flynt's Hustler Club" on Kearney Street in San Francisco and is a California Corporation. *See, Declaration of Joseph Carouba in Support of Petition to Compel Arbitration* ("*Carouba Decl.*") ¶1; Complaint ¶6.

LARRY FLYNT'S HUSTLER CLUB is not a legal entity but only a trade name owned by Larry Flynt Publications, which licenses its use. *Carouba Decl.* ¶4. Neither Larry Flynt Publications nor Larry Flynt himself has ever had any ownership interest or managerial role in SAW or the Larry Flynt's Hustler Club in San Francisco. *Id.* Moreover, Larry Flynt's Hustler Club is just the "dba" name for SAW's nightclub at 1031 Kearney Street in San Francisco. *Id.*

DÉJÀ VU is also not a legal entity but likewise only a trade name used by qualifying adult entertainment nightclubs for promotion and advertising, particularly on the Internet. *Id.* at ¶3.

---

[2] That JACKSON, a resident of Nevada and three-time performer at the Club, would gain "adequate representative" status is doubtful.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

2

NOTICE OF PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES

Déjà Vu Consulting is a Michigan corporation that provides consulting services to adult entertainment nightclubs such as website advertising and assistance obtaining music licenses. *Id.* Neither Déjà Vu Consulting nor any other entity called Déjà Vu has ever had any ownership interest or managerial role in SAW or the Larry Flynt's Hustler Club in San Francisco. *Id.*

### B. Plaintiff Chose to Enter Into an Independent Contractor Agreement With an Arbitration Provision

In April 2008, SAW offered JACKSON the option to either be hired as an employee or to perform as an independent contractor at the Club. *See,* Exhibit A to Complaint ("Notice of Contract Alternative Employee Status" and "Hustler 2008 Club/Performer Contract"), attached as Exhibit 1 to *RJN*. JACKSON expressly rejected employee status. Had JACKSON chosen to perform at the Club as an employee, she would have been assigned regular dance shifts and would have received regular paychecks and all benefits afforded to a San Francisco employee. *Id.*

Given the apparently itinerant nature of her performances, and her on-going relationships with other nightclubs in Reno, it is not surprising that JACKSON chose to perform at the Club as an independent contractor.[3] This option gave JACKSON flexibility and control over when, where, and for whom she performed and permitted her to keep dancing at the Reno nightclubs. In order to effectuate her choice to perform at the Club as an independent contractor, JACKSON signed a two-page contract entitled "Hustler 2008 Club/Performer Contract." *See,* Exh. A to Complaint ("Hustler 2008 Club/Performer Contract"), attached as Exhibit 1 to *RJN*. The first statement on the first page of the Contract stated in all capital letters:

"THIS IS A LEGAL DOCUMENT. DO NOT SIGN UNLESS YOU UNDERSTAND & AGREE TO IT." *Id.* Both pages of the Contract clearly spelled out several terms related to the dancer's compensation, the dancer's obligations, and the venue's obligations.

The Contract also expressly provided for arbitration of all disputes between the parties. In section V.6, it states:

---

[3] SAW will not speculate at this juncture regarding whether JACKSON'S true motive in selecting to perform at the Club as an independent contractor, and then performing only three times before filing this lawsuit, was to lay the groundwork for her planned class action. Such factors would be relevant, however, to whether JACKSON would be a proper and adequate class representative should she later move to certify a class.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

3

NOTICE OF PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES

> "Arbitration: Any dispute, whether statutory, contractual, or tort, arising out of this Contract or Performer's performances, the relationship between the parties, or any other dispute between the parties, shall be decided by binding Arbitration, shall be pursuant to the Federal Arbitration Act, and shall be before a neutral arbitrator agreed upon by the parties who shall be permitted to award any relief available in a Court. Any award may be entered in any court having jurisdiction. The arbitrator shall have no authority or jurisdiction over a class action."

*Id.* (Contract p. 2, ¶V.8).

JACKSON signed both the first and second pages of the contract on April 15, 2008. Immediately above JACKSON'S signature on the second page, the contract states:

> GENUINE CONSENT. Sign this agreement only if you genuinely agree with its terms; take the time to read it, consider the terms, and have someone assist you (a lawyer or accountant, or any other person you rely on to give you reasoned advice) before signing this contract.

*Id.*

### C. JACKSON Performed Three Times at the Club

After signing the Contract on Tuesday, April 15, 2008, JACKSON performed at the Club on only three occasions: Wednesday, April 16, Friday, April 18, and Saturday, April 19, 2008. *See, Doyle Decl.* ¶5, Exh. B. Thereafter, SAW heard nothing further from JACKSON until it was served with her purported class action complaint. *Id.*

### D. JACKSON'S Complaint

In disregard of the arbitration terms of the Contract she signed, JACKSON filed this suit in San Francisco County Superior Court[4] alleging five causes of action: (1) failure to pay minimum wage (California Labor Code §1197); (2) failure to pay waiting time penalties (California Labor Code §203); (3) failure to indemnify employees' business expenses (California Labor Code §2802); (4) violation of the Unfair Competition Law (California Business & Professions Code §§17200 *et seq*); and (5) violations of the San Francisco Minimum Wage Ordinance. As noted, JACKSON seeks to assert these claims on behalf of a purported class of exotic dancers from December 12, 2004 to the present.[5]

---

[4] SAW removed this action to the Northern District on February 2, 2009.
[5] In this regard, JACKSON seeks to cast a wide net by alleging, without any factual support, that Defendants own and/or operate other clubs in California. See, Complaint ¶16; 18. Such allegations appear to be a "back door" attempt by JACKSON to define a defendants' class for which she would seek to act as class representative, notwithstanding that she does not allege she ever performed at any other California nightclubs.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

4

NOTICE OF PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES

Although all of these causes of action clearly fall within the terms of the contractual arbitration provision JACKSON signed ("any dispute, whether statutory, contractual or tort, arising out of this Contract or Performer's performances, the relationship between the parties, or any other dispute between the parties"), JACKSON filed this suit in court and has refused SAW's demand that she stay this action and submit this matter to resolution via binding arbitration. *See, Melton Decl.* ¶¶3, 4.

### IV. THIS COURT SHOULD COMPEL JACKSON TO ARBITRATE HER DISPUTE WITH SAW

#### A. The FAA Applies and Compels Arbitration

"It is well established 'that where the contract contains an arbitration clause, there is a presumption of arbitrability.'" *Comedy Club Inc. v. Improv West Associates,* 2009 U.S. App. LEXIS 1634 (9th Cir. January 29, 2009) at *13, *citing AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Here, by the express terms of the arbitration agreement between JACKSON and SAW, disputes between the parties are to be submitted to binding arbitration under the Federal Arbitration Act ("the FAA"). The FAA applies to agreements that implicate and affect interstate commerce. 9 U.S.C.A. 2; *Circuit City Stores v. Adams*, 532 U.S. 105, 114-119, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001) (FAA generally applicable to employment-based claims); *Allied-Bruce Terminex Cos. v. Dobson*, 513 U.S. 265, 277, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995) (FAA evinced Congress's intent to exercise its full commerce power).

#### B. There Are No Valid Bases For Invalidation Of The Arbitration Agreement

SAW's entitlement to an order compelling arbitration is established by: (1) the existence of an enforceable arbitration agreement between it and JACKSON; (2) the demonstration of an arbitral controversy between SAW and JACKSON; and (3) JACKSON's refusals to arbitrate. *Ion Construction v. District Council of Painters No. 16*, 593 F.Supp. 233, 237 (D.C. Cal. 1984) citing *John Wiley & Sons v. Livingston,* 376 U.S. 543, 547, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964) (court's determination on motion to compel arbitration asks whether the parties have an existing agreement and whether the agreement contemplates arbitration of their particular disputes). Given JACKSON'S refusal to arbitrate, and the comments in the complaint suggesting the

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

5

NOTICE OF PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES

contract is "adhesive and unconscionable" (Complaint 7:18), the "conscionability" of the Performer Agreements is addressed here, in anticipation of Plaintiff's opposition. As detailed below, the arbitration agreement in the Performer Contract is not unconscionable; neither is the Performer Contract in general.[6]

### 1. Applicable Rules Re Challenge For Unconscionability

The "gateway" issue of arbitrability – whether the parties agreed to arbitrate and are bound by a particular arbitration provision – are matters for the court to decide. *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 450-54, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003). In doing so, state law applies. *Perry v. Thomas,* 482 U.S. 483, 492, 107 S.Ct. 2520, 96 L.Ed.2d 426, fn. 9 (1987). The FAA defers to state contract law in determining enforceability of arbitration clauses; the FAA recognizes as defenses "grounds that exist at law or in equity for the revocation of any contract." 9 USC § 2 (emphasis added). "Generally applicable contract defenses, such as ... unconscionability, may be applied to invalidate arbitration agreements without contravening Sec. 2 [of the FAA]." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 116 S.Ct. 1654, 134 L.Ed.2d 902 687 (1996).

The court is to review the issue of arbitrability separate from the contract in which it is embedded. Arbitration provisions are enforceable despite defenses to the underlying contract. Challenges which go beyond the validity of the arbitration agreement to more general terms of the contract are for the arbitrator to decide. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 402-04, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Nagrampa v. Mailcoups Inc.*, 401 F.3d 1024, 1027 (9th Cir. 2005).

### 2. The Arbitration Agreement is Valid and Enforceable

Under applicable California law, JACKSON bears the burden of establishing that the arbitration agreement in her Performer Contract is invalid. *Crippen v. Central Valley RV Outlet Inc.*, 124 Cal.App.4th 1159, 1165 (2004). To do so, she must prove both procedural and substantive unconscionability. Substantive unconscionability looks at the fairness of the substantive terms of the arbitration agreement and turns on whether they are comprised of terms

---

[6] A substantially similar arbitration provision was recently upheld and enforced by this Court in a previous exotic dancer case against SAW. *See Jones Order*, attached as Exhibit 2 to *RJN*.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

6

NOTICE OF PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES

that are "so one-sided as to shock the conscience." *Kinney v. United Healthcare Services, Inc.*, 70 Cal.App, 4th 1322, 1330 (1996). Procedural unconscionability addresses the issue of meaningful choice, whether the arbitration agreement was an adhesion contract offered on a "take it or leave it" basis. *Stirlen v. Supercuts*, 51 Cal,App,4th 1519, 1532 (1997).

Under California law, proof of unconscionability requires proof of both "types" of unconscionability – substantive and procedural. Absent a showing of both, the unconscionability argument fails. *Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1199 (9th Cir. 2002) (applying California law) ("because Ahmed fails to satisfy even the procedural unconscionability prong, we need not reach his arguments that the agreement is substantively unconscionable . . . the order . . . compelling arbitration is AFFIRMED"). Whether a particular arbitration agreement is unconscionable is determined through an examination not only of its language and terms, but also of the specific facts of the relationship of the parties, including factors such as the existence of duress and the opportunity to opt out of arbitration. *See, e.g., Ingle v. Circuit City Stores, Inc.* 328 F.3d 1165 (9th Cir. 2003).

### a. The agreement is not procedurally unconscionable.

In this case, irrespective of the existence of any substantive unconscionability that JACKSON may allege, procedural unconscionability cannot be shown and any unconscionability challenge must therefore be rejected out of hand. Under the holding in *Ahmed*, the "necessary element" of procedural unconscionability is lacking because JACKSON was provided with a "meaningful opportunity to opt out" of the Performer Contract. *Id.* at 1199-1200; *accord Circuit City Stores. Inc. v. Najd*, 294 F.3d 1104, 1106-08 (9th Cir. 2002) (arbitration agreement which permitted employees to opt out lacked procedural unconscionability and therefore was not unconscionable under California law).

Plaintiff was given an opportunity to perform as an employee -- she opted to perform as an independent contractor so she could perform if, when, where and for whom she chose; she thereby "opted in" to the arbitration agreement. *See, RJN* Exh. 1.

Like the plaintiff in *Circuit City Stores, Inc. v. Ahmed (supra)*, JACKSON declined the opportunity to opt out of the arbitration agreement. She chose to enter into an independent

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

7

NOTICE OF PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES

contractor relationship with the Club by signing a Performer Contract that included an arbitration agreement. Whether JACKSON selected the independent contractor option because it offered her greater flexibility and control, or because it was her intention from the outset to style herself as a class representative challenging the legality of the independent contractor status she chose, is not relevant at this juncture. What matters is that JACKSON voluntarily agreed to submit any disputes between her and SAW to resolution exclusively through arbitration and not through litigation.

Finally, it must be underscored here that JACKSON traveled to San Francisco from her home state of Nevada, where she was already performing at exotic dance venues in Reno (almost certainly as an independent contractor), and specifically selected to seek access to the Club venue as an independent contractor. Accordingly, the economic duress rationale underlying the procedural unconscionability analysis as applied to arbitration agreements in the employment context has no logical application to these facts.

### b.    The agreement is not substantively unconscionable

As noted, JACKSON declined to perform at the Club as an employee. Accordingly, the case law defining substantive unconscionability with respect to arbitration agreements between employers and employees should not apply. Even if it did, the agreement here passes muster. By its terms, the arbitration agreement provides for ". . . a neutral arbitrator agreed upon by the parties who shall be permitted to award any relief available in a Court." *See RJN,* Ex. 1. Moreover, the agreement does not provide for a filing fee nor does it contain a cost-splitting provision or otherwise impose upon JACKSON any fees or costs she would not otherwise incur in court. These are the core "fairness" principles considered by California state courts and federal courts applying California law. See, e.g., *Armendariz v. Foundation Health Psychcare Svcs., Inc.*, 24 Cal.4th 83, 114 (2000); *Ingle v. Circuit City Stores, Inc. (supra).*

Although the Performer Contract includes a provision shortening the statute of limitations to six months following the events giving rise to the claim, this provision is separate from the arbitration provision and does not make the arbitration provision unconscionable. As explained in the Performer Contract, the mutual agreement to quickly identify and seek to resolve disputes

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

8

NOTICE OF PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES

that arise between contractors and SAW is necessary "[d]ue to the transient nature of some individuals associated with [the adult entertainment] industry, and the difficulty presented in locating witnesses." *See RJN*, Ex. 1. This provision simply acknowledges the realities of the adult entertainment industry – as illustrated by the facts of this case in which JACKSON, herself, traveled from out of state, maintained an extremely brief association with the Club, and then moved on. This provision does not unduly benefit or disadvantage either party to the contract and does not render the arbitration agreement substantively unconscionable.

Finally, the class action waiver likewise does not render the arbitration agreement unconscionable. First, this provision is separate from the arbitration provision and does not affect the arbitration provision's enforceability. Further, although various courts have upheld similar class action waivers (see, e.g., *Discover Bank v. Superior Court*, 36 Cal. Rptr. 3d 456 (2005) applying Delaware law and citing *Edelist v. MBNA Am. Bank*, 790 A.2d 1249, 1260-61 (Del. Super. Ct. 2001); and *Gay v. CreditInform*, 511 F.3d 369 (3rd Cir. 2007), (applying Virginia law), an evolving body of law in the Ninth Circuit has held that such waivers are unenforceable. *See, e.g., Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976 (9th Cir. 2007).

On May 27, 2008, the U.S. Supreme Court denied *certiorari* in *T-Mobile USA, Inc. v. Laster*, No. 06-55010, 2007 WL 3194117 (9th Cir. Oct. 16, 2007), cert. denied, 128 S. Ct. 2500 (2008), thereby declining to resolve confusion surrounding the validity of waivers of class action relief as part of an arbitration agreement. T-Mobile petitioned for a writ of *certiorari* on the grounds that the FAA precludes a court from refusing to enforce an agreement to arbitrate individually based on a state law determination that a class action waiver is unconscionable. Before the Supreme Court, T-Mobile argued that the Third Circuit's decision in *Gay v. CreditInform (supra)* directly conflicted with the Ninth Circuit's decision in *Shroyer v. New Cingular (supra)*.

Here, the Court need not determine the enforceability of the class action waiver in order to enforce the arbitration agreement. As noted above, the arbitration agreement is not procedurally unconscionable because JACKSON had the opportunity to opt out. Accordingly, even if the court determined that the class action waiver rendered the agreement substantively

9

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

NOTICE OF PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES

1  unconscionable, the absence of procedural unconscionability means the agreement is nevertheless
2  enforceable.
3        Moreover, it should be noted that the practical impediments to seeking to vindicate small
4  individual claims, that have formed the basis for most courts' refusal to enforce class action
5  waivers, are absent here. Various administrative procedures exist within the California
6  Department of Labor and its Division of Labor Standards Enforcement for the resolution of wage
7  and hour claims of the sort JACKSON alleges in her complaint. See, e.g., Cal. Labor Code §§ 98
8  and 98.3. These sections provide for a hearing of wage and hour claims at no cost to the
9  applicant. Likewise, per the terms of the arbitration agreement JACKSON signed, SAW bears
10 the cost of the arbitrator's fee making arbitration a cost-effective forum to resolve even individual
11 claims.

## V. CONCLUSION

      Based on the above, defendant SAW respectfully requests that this Court order JESSICA JACKSON to arbitrate her claims in this matter under the terms of the parties' agreement to arbitrate and stay this litigation accordingly.

Dated: February 27, 2009

LONG & LEVIT LLP

By _____
DOUGLAS J. MELTON
Attorneys for Defendant
SAW Entertainment Limited

DOCS\S0301-082\560825.V2

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

10

NOTICE OF PETITION TO COMPEL ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES