DOUGLAS J. MELTON  State Bar #161353
HELEN MCFARLAND State Bar #231501
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA  94104
Telephone:    (415) 397-2222
Facsimile:    (415) 397-6392
Email:        dmelton@longlevit.com
              hmcfarland@longlevit.com

*Attorneys for Defendant*
S.A.W. Entertainment Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA JACKSON, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>S.A.W. ENTERTAINMENT LIMITED aka SAW ENTERTAINMENT, LTD; LARRY FLYNT'S HUSTLER CLUB; DEJA VU, and Does 1-50,<br><br>            Defendant. | CASE No. CV 09 0448 - EC<br><br>**REPLY IN SUPPORT OF DEFENDANT SAW ENTERTAINMENT LIMITED'S PETITION TO COMPEL ARBITRATION**<br><br>Date:        April 8, 2009<br>Time:        10:30 a.m.<br>Dept:        C<br><br>Action Filed:    December 12, 2008<br>Action Removed:  February 2, 2009<br><br>Judge:       The Honorable Edward M. Chen |

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

REPLY IN SUPPORT OF DEFENDANT SAW ENTERTAINMENT LIMITED'S PETITION TO COMPEL ARBITRATION

## I. INTRODUCTION

JACKSON's opposition to SAW's petition to compel arbitration presents an oversimplified picture of the applicable law even as it fails to make the requisite "factual showing" necessary to establish that the enforcement of the particular arbitration agreement here in issue would be substantively unconscionable in the context of this particular case.

JACKSON does not dispute that: (1) she knowingly agreed to arbitrate all claims arising from her performances at the Hustler Club; (2) her current claims fall within the scope of the arbitration agreement; or (3) she has refused SAW's demand to arbitrate. Rather, JACKSON's opposition is premised entirely on her contention that the applicable arbitration clause must be unconscionable in this case because similar clauses have been deemed so in other cases (notwithstanding that those cases presented different facts).

However, as detailed herein, JACKSON's three primary attacks on the validity of the arbitration clause do not withstand scrutiny. First, JACKSON'S claim that the subject clause fails to comply with the "fairness" protections articulated by the California Supreme Court in the *Armendariz* case is at odds with plain language of that case. *Armendariz* does indeed require: (1) the employer to pay all costs unique to arbitration; (2) discovery sufficient to adequately arbitrate the claims; (3) the same damages available in court; and (4) a written arbitration decision and judicial review to ensure compliance with the law. But, *Armendariz* also provides that an arbitration agreement's silence on these issues does not preclude its enforcement, as the provisions may be "implied" when the claims in issue arise from an alleged employment relationship.[1] Lest there be any doubt that a JACKSON v. SAW arbitration would include these safeguards, the Court's order granting this petition should specifically say so.

Second, as the many cases JACKSON cites make clear, not all class action waivers in arbitration agreements are unenforceable. Class action waivers should be deemed unenforceable only after the plaintiff makes a "factual showing" that a particular waiver is an "exculpatory

---

[1] JACKSON's contention, that the provision in the contract requiring the parties to commence litigation within six months of the events giving rise to the claim limits the damages an arbitrator could award, is at odds with the plain language of the provision. The provision says nothing about limiting damages and simply seeks to avoid stale claims, which are particularly problematic given the itinerant nature of many exotic dancers.

1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

REPLY IN SUPPORT OF DEFENDANT SAW ENTERTAINMENT LIMITED'S PETITION TO COMPEL ARBITRATION

contract clause" that presents "real world obstacles" to the vindication of individual class members' rights through individual arbitrations. JACKSON presents no evidence whatsoever to make such a factual showing in this case.

Finally, JACKSON's contention that the contract provisions she claims are unconscionable cannot be severed from the contract is incorrect and ignores the court's broad discretion in this area. In fact, this Court exercised its discretion with regard to a virtually identical arbitration agreement involving a class action waiver and provision shortening the parties' deadline to commence litigation in the *Jones* case; this Court struck those provisions and ordered the case to arbitration. As Judge Zimmerman ruled in *Jones*, ". . . the unconscionable provisions shortening the statute of limitations and prohibiting class actions are collateral to the main purpose of the parties' contracts and do not so pervade the entirety of the contracts as to render the contracts unenforceable."

For the reasons cited in SAW's moving papers and in this reply brief, SAW's petition to compel arbitration should be granted.

## II.   THE ARBITRATION AGREEMENT COMPLIES WITH ARMENDARIZ

JACKSON's contention that the SAW arbitration agreement fails to comport with the *Armendariz* requirements is incorrect. First, JACKSON argues that arbitration clause "does not provide for any discovery, which is unfair since the defendant employer has unique access to records and the identity and location of witnesses." Oppo. 10:16-19. However, in response to a similar argument by the plaintiff in the *Armendariz* case - that the subject arbitration clause was unenforceable due to the absence of an explicit provision specifying the parties' discovery rights - the Court held that ". . . the employer, by agreeing the arbitrate the FEHA claim, has already impliedly consented to such discovery. Therefore, lack of discovery is not grounds for holding a FEHA claim inarbitrable." *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24 Cal.4th 83, 106 (2000).[2] Just as in the seminal *Armendariz* case, the fact that this arbitration clause does not define the parties' discovery rights does not make JACKSON's claim inarbitrable.

---

[2] The *Armendariz* case involved claims of sexual harassment pursuant to California's Fair Employment and Housing Act ("FEHA"); while JACKSON's claims are grounded in the California Labor Code they are employment-based claims like those at issue in *Armendariz*.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

2

REPLY IN SUPPORT OF DEFENDANT SAW ENTERTAINMENT LIMITED'S PETITION TO COMPEL ARBITRATION

Second, JACKSON argues that the agreed-upon arbitration clause, through its silence on the issue, impermissibly imposes upon her "the professional fees charged by the arbitrator." Oppo. 10:20-11:3. This argument, too, ignores the holding of the *Armendariz* case:

> We therefore hold that a mandatory employment arbitration agreement that contains within its scope the arbitration of FEHA claims impliedly obliges the employer to pay all types of costs that are unique to arbitration. Accordingly, we interpret the arbitration agreement in the present case as providing, consistent with the above, that the employer must bear the arbitration forum costs. *The absence of specific provision on arbitration costs would therefore not be grounds for denying the enforcement of an arbitration agreement.*

*Id.* at 113 (emphasis added).

It is the foregoing holding by the California Supreme Court that supported SAW's statement in its moving papers that ". . . SAW bears the cost of the arbitrator's fee making arbitration a cost-effective forum to resolve even individual claims." JACKSON's unfounded accusation that "Defense counsel's misrepresentation on this issue is particularly troubling" (Oppo 10:21-22), would, accordingly, appear to be the product of a lack of familiarity with the applicable law.

Third, as detailed below, the provision in the contract requiring both parties to "commence any action between them within 6 months of the event giving rise to the action" does not limit the damages otherwise available in court. The provision says nothing about limiting available damages. It focuses solely on avoiding stale claims and is grounded in the reality of the exotic dance business: dancers often are itinerant and move from club to club and from city to city presenting challenges to locating them as witnesses - or even as recipients of damages - when claims are brought long after the events that gave rise to them.

Finally, JACKSON contends that the subject arbitration clause fails because it does not explicitly provide for "a written arbitration decision and judicial review sufficient to ensure the arbitrators comply with the requirements of the statute." Oppo. 10:7. Again, JACKSON misstates the holding of *Armendariz*. The California Supreme Court actually held:

> ". . . [A]n arbitrator in a FEHA case must issue a written arbitration

3

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

REPLY IN SUPPORT OF DEFENDANT SAW ENTERTAINMENT LIMITED'S PETITION TO COMPEL ARBITRATION

decision that will reveal, however briefly, the essential findings and conclusions on which the award is based. . . . [N]othing in the present arbitration agreement precludes such written findings and *to the extent it applies to FEHA claims the agreement must be interpreted to provide for such findings.*

Id. at 107 (emphasis added).

As the foregoing makes clear, the arbitration agreement here does not fail to comply with the substantive due process requirements of *Armendariz*.

### III. PLAINTIFF HAS FAILED TO MEET HER BURDEN TO PROVE THE CLASS ACTION WAIVER IS EXCULPATORY

A primary thrust of JACKSON's opposition to SAW's petition to compel arbitration is that the class action waiver provisions are "substantively unconscionable." Although JACKSON cites to various California cases in support of this conclusion, she fails to apply the unconscionability analysis articulated in the seminal case of *Discover Bank v. Superior Court*, (2005) 36 Cal.4th 148, and she fails to supply the requisite facts to support her unconscionability conclusion.[3]

*Discover Bank* was a class action by a credit card holder against the credit card issuer contesting the legality of certain late fees and finance charges. As here, an issue was the enforceability of a provision waiving the right to participate in a class wide arbitration. The California Supreme Court explained that class action waivers ". . . may also be substantively unconscionable inasmuch as they may operate effectively as exculpatory contract clauses that are contrary to public policy." *Id* at 160. The Court clarified, however, that "[c]lass action and arbitration waivers are not, in the abstract, exculpatory clauses." *Id.* Indeed, the Court made clear that it "[did] not hold that all class action waivers are necessarily unconscionable." Although the Court held the class action waiver in the Discover Bank contract was unconscionable, it held so only because it operated to insulate the bank from liability in disputes involving very small amounts of damages as are typical in consumer class actions.

---

[3] "The applicable state law controls whether an arbitration agreement is unconscionable and, therefore, unenforceable." *Hoffman v. Citibank*, 546 F.3d 1078 (9th Cir. 2008). Under applicable California law, JACKSON bears the burden of establishing that the arbitration agreement in her Performer Contract is invalid. *Crippen v. Central Valley RV Outlet Inc.*, 124 Cal.App.4th 1159, 1165 (2004).

4

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

REPLY IN SUPPORT OF DEFENDANT SAW ENTERTAINMENT LIMITED'S PETITION TO COMPEL ARBITRATION

In *Gentry v. Superior Court* (2007) 42 Cal.4th 443, the California Supreme Court applied the *Discover Bank* analysis in the context of wage and hour litigation and reiterated that the plaintiff challenging a class action waiver bears the burden of making a "factual showing" of the exculpatory nature of the waiver by showing the "real world obstacles to the vindication of class members' rights to overtime pay through individual arbitration" including "the modest size of the potential individual recovery, the potential for retaliation against members of the class, [and] the fact that absent members of the class may be ill informed about their rights." *Id.* at 463-466.

Here, JACKSON's opposition to the arbitration petition cites no admissible evidence whatsoever as to these issues. Rather, JACKSON cites to the evidence submitted by other litigants opposing arbitration petitions in other cases. While such evidence may have satisfied other courts that other litigants' class action waivers impermissibly functioned as exculpatory clauses, they do not satisfy JACKSON's burden to make a "factual showing" here.

As noted in SAW's moving papers, the practical impediments to seeking to vindicate small individual claims, that have formed the basis for many courts' refusal to enforce class action waivers, are largely absent here.[4] Moreover, as noted in SAW's moving papers, various administrative procedures exist within the California Department of Labor and its Division of Labor Standards Enforcement ("DLSE") for the resolution of wage and hour claims of the sort JACKSON alleges in her complaint. *See, e.g.,* Cal. Labor Code §§ 98 and 98.3. These sections provide for a hearing of wage and hour claims at no cost to the applicant.

JACKSON's contention that DLSE wage claimants are limited to 3-year recovery periods shows a lack of familiarity with the "Berman Hearing" process before the DLSE. Claimants routinely cite the existence of a written contract to extend the statute of limitations to four years pursuant to California Code of Civil Procedure §337 and the DLSE routinely agrees. Thus, JACKSON would have access to the same remedies before the DLSE as she has in this action.

As for the risk of retaliation, it is undisputed that JACKSON has not sought to perform at Larry Flynt's Hustler Club in almost a year – since her three performance dates in April of 2008.

---

[4] The claims of purported class members here may be far from "modest." For example, if a dancer performed four times a week for a number of years and somehow prevailed on her claim that she was owed minimum wage, waiting time penalties, meal period pay, interest, etc., the recovery would be quite substantial.

5

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

Given JACKSON's apparent lack of any real desire or intent to live and work in San Francisco, much less to use the Hustler Club's facilities other than as a springboard for this litigation, there is no possibility of retaliation here.[5]

Finally, JACKSON would not be able to establish the final element of her requisite "factual showing," *i.e.*, that San Francisco exotic dancers are "ill informed about their rights." As a simple Google search demonstrates, exotic dancers in San Francisco are sophisticated and organized with dedicated advocacy groups – such as the Exotic Dancer's Alliance – and ample resources on the issue of employee versus independent contractor status and related wage & hour issues. (*See, e.g.,* http://www.bayswan.org/EDAindex.html; http://www.bayswan.org/eda-sf/lawstoknow.html, etc.) Exotic dancers know their rights. However, the simple truth is that most San Francisco exotic dancers prefer the freedom and independence that are the hallmarks of independent contractor status: the ability to set their own schedules, to work at any nightclubs in any city of their choosing, and to control the manner and means of their performances.

SAW readily acknowledges the cases cited in both sides' briefs in which class action waivers were deemed substantively unconscionable as impermissible exculpatory contract clauses. Those cases were all decided on their unique facts as presented by the parties. Because JACKSON has failed to make the requisite factual showing here that the class action waiver is an impermissible exculpatory contract clause, she has not and cannot establish that it is substantively unconscionable.

IV. **THE PROVISION SHORTENING THE PERIOD DURING WHICH AN ACTION MAY BE COMMENCED DOES NOT LIMIT AVAILABLE DAMAGES**

JACKSON argues that the contract provision limiting the time period during which either party may commence legal action against the other "affects the arbitration provision" because "it limits what the arbitrator can hear" and it "would drastically reduce the damages" the arbitrator could award. Oppo. 11:14 – 12:4. This argument, however, ignores that language of the contract.

---

[5] JACKSON accuses SAW of casting "unfounded aspersions" on her in its moving papers. However, JACKSON's status as a Nevada resident who apparently never intended to use the Hustler Club's facility more than a handful of times is directly relevant to the retaliation factor as well as the core "fairness" issues presented by this petition.

6

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

REPLY IN SUPPORT OF DEFENDANT SAW ENTERTAINMENT LIMITED'S PETITION TO COMPEL ARBITRATION

The provision in issue reads:

> Due to the transient nature of some individuals associated with this industry, and the difficulty presented in locating witnesses, the parties agree to commence any action between them within 6 months of the event giving rise to the action and to waive any statute of limitations to the contrary.

The provision says nothing about limiting available damages. It focuses solely on avoiding stale claims and is grounded in a reality of the exotic dance business: dancers often are itinerant and move from club to club and from city to city presenting challenges to both parties when claims are brought long after the events that gave rise to them.

It is simply not correct to suggest that a provision requiring the parties to move expeditiously to seek to assert their claims limits the damages the arbitrator may award. This provision is not so inextricably intertwined with the arbitration provision that it precludes its enforcement. JACKSON would be free to argue before the arbitrator that this provision should be ignored or stricken. But this provision is not germane to the threshold question of whether this case should be ordered to arbitration.

Finally, it is well settled that California law allows contracting parties to shorten the period during which they may commence claims. *See, e.g., Hambrecht & Quist Venter Partners v. American Medical International Inc.*, (1995) 38 Cal.App.4th 1532, 1548 (court enforced contractual provision providing for a shorter period of limitations than provided under California law).

## V. THE COURT SHOULD STRIKE PROVISIONS IT DEEMS UNENFORCEABLE

Even if the Court deems the subject class action waiver or limitations clause to be unconscionable, the Court can and should use its discretion to sever those provisions and enforce the remainder of arbitration agreement. This would be consistent with the strong public policy in favor of enforcing arbitration agreements (*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)) and would give proper weight to the provision in the subject Contract regarding severability (section V.5 provides: "Severability: Any unenforceable portion of this Contract, to the extent possible, shall be severable from this Contract as a whole.").

7

REPLY IN SUPPORT OF DEFENDANT SAW ENTERTAINMENT LIMITED'S PETITION TO COMPEL ARBITRATION

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

### A. The Purpose of the Contract Is Not Illegal

The Court has complete discretion to determine whether to sever unconscionable provisions from the arbitration agreement or, more drastically, to refuse to enforce the entire agreement. *Armendariz v. Foundation Health Psychcare Services Inc.* (2000) 24 Cal.4th 83, 122; *Cal. Civil Code §1670.5*. A court should take the latter course only when the entire contract is "permeated with unconscionability." *Id.*

To determine whether a contract is permeated with unconscionability, courts look to the central purpose of the contract. *Id.* at 124. If the central purpose is tainted with illegality, then the contract as a whole cannot be enforced. *Id.* However, if the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction, then such severance and restriction are appropriate. *Id.*

Contrary to JACKSON's statements in her opposition, SAW's moving papers did not urge the court to review <u>only</u> the arbitration provision and ignore the contract in which that provision is embedded. Instead, SAW maintains, consistent with applicable law, that the issue of the validity of the arbitration provision is distinct, and should be examined separately, from Plaintiff's allegations regarding the validity of terms of the contract (*i.e.* that she should have been deemed an employee instead of an independent contractor).

In fact, SAW encourages a full examination of the contract as a whole, after which it believes the Court will conclude that the central purpose of the contract is not tainted with illegality. The language of the contract establishes that it was drafted to clearly set forth the terms and conditions of the working relationship between exotic dancers and the Club. There can be no real dispute that the class action waiver, and the provision relating to the time period during which the parties agree to commence any claims, are collateral to the purpose of the contract.

### B. All Offending Provisions Can Easily Be Severed

Plaintiff argues, with no citation to authority, that the class action waiver <u>cannot</u> be severed from the agreement because the last sentence of the paragraph compelling arbitration (Section V.6) provides that, "[t]he arbitrator shall have no authority or jurisdiction over a class action." Oppo. 15:11-12. Plaintiff unpersuasively argues that this one sentence inexorably

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

8

REPLY IN SUPPORT OF DEFENDANT SAW ENTERTAINMENT LIMITED'S PETITION TO COMPEL ARBITRATION

intertwines an unconscionable class action waiver provision with the arbitration agreement. However, in the event that the Court determines the class action waiver is unconscionable, Plaintiff provides no explanation of why this Court could not, as Judge Zimmerman did in the *Jones* litigation[6], simply sever the provisions it finds unenforceable.

In *Gentry v. Superior Court* (2007) 42 Cal.4th 443, the California Supreme Court noted that severance is "particularly appropriate" when the unconscionable provision is a class action waiver. *Id.* at 466; *see also Franco v. Athens Disposal Co. Inc.*, 2009 Cal.App. LEXIS 305 (also noting that a class action arbitration waiver should simply be stricken rather than invalidating the entire agreement).

In the *Jones* case, Judge Zimmerman held that although the arbitration provision was procedurally unconscionable, it was not substantively unconscionable. The arbitration provision in that case, as in this one, required both parties to arbitrate their disputes before a neutral arbitrator who is permitted to award any relief available in court, including fees and costs. The arbitration provision in the *Jones* case, as in this case, did not provide for a filing fee nor did it contain a cost splitting provision. Although Judge Zimmerman did find that the shortened statute of limitations period and the ban on class actions were unenforceable, he nevertheless exercised his discretion and held:

> The unconscionable provisions should be severed from the arbitration provision. . . . The contracts at issue also provide that any unenforceable provisions may be severed. I find that the unconscionable provisions shortening the statute of limitations and prohibiting class actions are collateral to the main purpose of the parties' contracts and do not so pervade the entirety of the contracts as to render the contracts unenforceable.

*See Order*, attached to *RJN,* in SAW's Moving Papers.

Further, in contrast to the cases cited by Plaintiff[7], the Contract here at issue does not contain a series of unconscionable provisions to consistently place a dancer at a competitive disadvantage. This Contract does not limit the remedies or damages available to a plaintiff (*cf.*

---

[6] Plaintiff's purported incredulity regarding the decision to attach Judge Zimmerman's Order in *Jones* litigation is confounding. Simply put, the Order demonstrates that this very Court has examined virtually identical arbitration provisions and chosen to enforce those arbitration provisions after exercising its discretion to sever all the provisions it deemed unconscionable.
[7] *Kinney v. United Healthcare Services Inc.* (1999) 70 Cal.App.4th 1332, cited by Plaintiff in her Opposition, does not address the issue of severability.

9

REPLY IN SUPPORT OF DEFENDANT SAW ENTERTAINMENT LIMITED'S PETITION TO COMPEL ARBITRATION

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

*Murphy v. Check 'N Go of California,* 156 Cal.App.4th 138 (2007) which gave authority to the arbitrator to determine issues of unconscionability), it is not improperly one-sided (*cf. Ingle v. Circuit City Stores Inc.,* 328 F.3d 1165 (9th Cir. 2003)), it does not require the plaintiff or claimant to endure arbitration costs, and it does not limit the plaintiff's choice of arbitrators (*cf. Sanchez v. Western Pizza Enterprises,* 2009 Cal.App. LEXIS 371 (March 17, 2009) which contractually provided for only one arbitrator to determine all issues). Also, unlike the *Murphy v. Check 'N Go of California* case cited by Plaintiff, the contract did offer Plaintiff an opportunity to consult with an independent attorney.

In summary, the Contract in issue is not "permeated with unconscionability". It does not constitute an unfair or unreasonable string of unconscionable provisions or otherwise evidence an improper intent to deter a plaintiff from pursuing her legal rights. Thus, as Judge Zimmerman decided to do in the *Jones* case, SAW respectfully requests that this Court sever the provisions it finds unconscionable, and otherwise enforce the arbitration provision as per the terms of the parties' agreement.

## VI.   CONCLUSION

For the foregoing reasons, SAW respectfully requests that JACKSON's claims be ordered to binding arbitration pursuant to the terms of the subject contract.

Dated: March 25, 2009

LONG & LEVIT LLP

By _____
DOUGLAS J. MELTON
Attorneys for Defendant
SAW Entertainment Limited

DOCS\S0301-082\561826.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

10

REPLY IN SUPPORT OF DEFENDANT SAW ENTERTAINMENT LIMITED'S PETITION TO COMPEL ARBITRATION