DOUGLAS J. MELTON  State Bar #161353
HELEN MCFARLAND State Bar #231501
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, CA  94104
Telephone:    (415) 397-2222
Facsimile:    (415) 397-6392
Email:        dmelton@longlevit.com
              hmcfarland@longlevit.com

*Attorneys for Defendant*
S.A.W. Entertainment Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>S.A.W. ENTERTAINMENT LIMITED aka SAW ENTERTAINMENT, LTD; LARRY FLYNT'S HUSTLER CLUB; DEJA VU, and Does 1-50,<br><br>Defendant. | CASE No. CV 09 0448-EC<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT S.A.W. ENTERTAINMENT LIMITED** |

Defendant S.A.W. ENTERTAINMENT LIMITED, aka SAW ENTERTAINMENT LTD ("SAW"), answers the Complaint of Plaintiff JESSICA JACKSON ("Complaint") as follows.

1.  In answer to Paragraph 1 of the Complaint, SAW denies that the Superior Court has jurisdiction over the action because this action has been properly removed to the U.S. District Court, Northern District of California.

2.  In answer to Paragraph 2 of the Complaint, SAW admits that Larry Flynt's Hustler Club is located at 1031 Kearny Street in San Francisco, but denies the remaining allegations of paragraph 2 of the Complaint.

3.  In answer to Paragraph 3 of the Complaint, SAW admits that Plaintiff Jessica Jackson is an adult female and that she danced as an adult entertainer at Larry Flynt's Hustler

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

1                    CASE No. CV 09 0448-EC

SAW ENTERTAINMENT LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES

Club in San Francisco in April 2008. SAW denies the remainder of the allegations in paragraph 3 of the Complaint.

4. In answer to Paragraph 4 of the Complaint, SAW admits that it is a business entity and that the name "Larry Flynt Hustler Club" is displayed on the marquee of 1031 Kearny. SAW denies the remainder of the allegations in paragraph 3 of the Complaint.

5. In answer to Paragraph 5 of the Complaint, SAW lacks information sufficient to admit or deny the truth of the allegations in paragraph 5 of the Complaint and on that basis denies each and every allegation contained therein.

6. In answer to Paragraph 6 of the Complaint, SAW admits the allegations contained in paragraph 6 of the Complaint, with the exception of the allegation that it entered into contracts with members of "the class," for which SAW lacks sufficient information and on that basis denies that allegation.

7. In answer to Paragraph 7 of the Complaint, SAW lacks information sufficient to admit or deny the truth of the allegations in paragraph 7 of the Complaint and on that basis denies each and every allegation contained therein.

8. In answer to Paragraph 8 of the Complaint, Defendant SAW admits that it entered into the contract attached as Exhibit A with Jessica Jackson. SAW denies that Jessica Jackson or any other individual is required to execute a written contract, that Jessica Jackson was an employee of SAW, or that the contract is used by other clubs (if any) that SAW owns or operates.

9. In answer to Paragraph 9 of the Complaint, SAW admits that it operates a club in California in which dancers perform nude or semi-nude dances for customers and that these individuals are known as "dancers," "entertainers," or "strippers." SAW denies the remaining allegations of paragraph 9 of the Complaint.

10. In answer to Paragraph 10 of the Complaint, SAW admits that it contracts with entertainers to provide stage and private dances by female entertainers and that it advertises the that such entertainment is provided at the Larry Flynt's Hustler Club in San Francisco. SAW denies the remaining allegations of paragraph 10 of the Complaint.

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

2     CASE No. CV 09 0448-EC

SAW ENTERTAINMENT LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES

11.     In answer to Paragraph 11 of the Complaint, Defendant SAW admits it is experienced in the adult entertainment business and has retained California legal counsel. Defendant SAW lacks information sufficient to admit or deny the allegations in paragraph 11 that relate to the entity Déjà vu and on that basis denies each and every such allegation.

12.     In answer to Paragraph 12 of the Complaint, SAW denies each and every allegation contained therein.  Defendant SAW further states that, to the extent paragraph 12 contains legal citations and/or legal arguments and/or legal conclusions, not factual allegations, it does not require a response.

13.     In answer to Paragraph 13 of the Complaint, Defendant SAW admits that it provides a "Notice of Contract Alternative: Employee Status" document to its dancers that contains the language included on Exhibit A, attached to the Complaint.  SAW denies the remainder of the allegations contained therein.  Defendant SAW further states that, to the extent paragraph 13 contains legal citations and/or legal arguments and/or legal conclusions, not factual allegations, it does not require a response.

14.     In answer to Paragraph 14 of the Complaint, SAW admits that Exhibit A contains a copy of the Club/Performer contract between it and Jessica Jackson.  SAW denies the remainder of the allegations contained in paragraph 14 of the Complaint.  Further, Defendant SAW states that, to the extent paragraph 14 contains legal citations and/or legal arguments and/or legal conclusions, not factual allegations, it does not require a response.

15.     In answer to Paragraph 15 of the Complaint, SAW denies each and every allegation contained therein.  Defendant SAW further states that, to the extent paragraph 15 contains legal citations and/or legal arguments and/or legal conclusions, not factual allegations, it does not require a response.

16.     In answer to Paragraph 16 of the Complaint, SAW denies each and every allegation contained therein.  Defendant SAW further states that, to the extent paragraph 16 contains legal citations and/or legal arguments and/or legal conclusions, not factual allegations, it does not require a response.

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

3                    CASE No. CV 09 0448-EC

SAW ENTERTAINMENT LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES

17. In answer to Paragraph 17 of the Complaint, SAW denies each and every allegation contained therein because SAW has not diverted money from Plaintiff nor does it owe Plaintiff any wages.

18. In answer to Paragraph 18 of the Complaint, SAW denies that Plaintiff Jessica Jackson is a proper or adequate representative of all individuals who worked as dancers at any time since December 12, 2004.

19. In answer to Paragraph 19 of the Complaint, SAW admits that it obtained data from dancers who contracted to perform at the Larry Flynt's Hustler Club in San Francisco. SAW denies the remainder of the allegations contained in paragraph 19 of the Complaint.

20. In answer to Paragraph 20 of the Complaint, SAW admits numerous adult entertainers have contracted to perform at the Larry Flynt's Hustler Club in San Francisco. SAW denies the remainder of the allegations contained in paragraph 20 of the Complaint.

21. In answer to Paragraph 21 of the Complaint, SAW denies each and every allegation contained therein. Defendant SAW further states that, to the extent paragraph 21 contains legal citations and/or legal arguments and/or legal conclusions, not factual allegations, it does not require a response.

22. In answer to Paragraph 22 of the Complaint, SAW denies each and every allegation therein. To the extent paragraph 22 contains legal citations and/or legal arguments and/or legal conclusions, not factual allegations, it does not require a response.

23. In answer to Paragraph 23 of the Complaint, admits that the contract signed by Plaintiff Jessica Jackson contains the quoted language. SAW denies the remaining allegations contained in Paragraph 23.

24. In answer to Paragraph 24 of the Complaint, SAW incorporates its responses to paragraphs 1-23 by reference.

25. In answer to Paragraph 25 of the Complaint, SAW denies all allegations contained therein.

26. In answer to Paragraph 26 of the Complaint, SAW admits it did not pay wages to adult entertainers who selected to perform at Larry Flynt's Hustler Club as independent

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

4  CASE No. CV 09 0448-EC

SAW ENTERTAINMENT LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES

contractors. SAW denies the remainder of the allegations as alleged in paragraph 26 of the Complaint.

27. In answer to Paragraph 27 of the Complaint, SAW denies all allegations contained therein. To the extent paragraph 27 contains legal citations and/or legal arguments and/or legal conclusions, not factual allegations, it does not require a response.

28. In answer to Paragraph 28 of the Complaint, Defendant SAW incorporates its responses to paragraphs 1-23 by reference.

29. In answer to Paragraph 29 of the Complaint, SAW denies all allegations contained therein. To the extent paragraph 29 contains legal citations and/or legal arguments and/or legal conclusions, not factual allegations, it does not require a response.

30. In answer to Paragraph 30 of the Complaint, admits it did not pay wages to adult entertainers who selected to perform at Larry Flynt's Hustler Club as independent contractors. SAW denies the remainder of the allegations contained in Paragraph 30 of the complaint. To the extent paragraph 30 contains legal citations and/or legal arguments and/or legal conclusions, not factual allegations, it does not require a response.

31. In answer to Paragraph 31 of the Complaint, Defendant SAW incorporates its responses to paragraphs 1-23 by reference.

32. In answer to Paragraph 32 of the Complaint, SAW denies all allegations therein.

33. In answer to Paragraph 33 of the Complaint, SAW denies all allegations therein.

34. In answer to Paragraph 34 of the Complaint, SAW denies all allegations therein. To the extent paragraph 34 contains legal citations and/or legal arguments and/or legal conclusions, not factual allegations, it does not require a response.

35. In answer to Paragraph 35 of the Complaint, Defendant SAW incorporates its responses to paragraphs 1-34 by reference.

36. In answer to Paragraph 36 of the Complaint, SAW notes that Paragraph 36 contains only legal citations and/or legal arguments and/or legal conclusions, not factual allegations, and it does not require a response.

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

5    CASE No. CV 09 0448-EC
SAW ENTERTAINMENT LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES

37. In answer to Paragraph 37 of the Complaint, SAW denies all allegations contained therein. To the extent paragraph 37 contains legal citations and/or legal arguments and/or legal conclusions, not factual allegations, it does not require a response.

38. In answer to Paragraph 38 of the Complaint, SAW denies all allegations contained therein.

39. In answer to Paragraph 39 of the Complaint, Defendant SAW incorporates its responses to paragraphs 1-38 by reference.

40. In answer to Paragraph 40 of the Complaint, SAW denies all allegations contained therein.

## AFFIRMATIVE DEFENSES

Defendant SAW asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

41. Plaintiff's Complaint is barred because of the existence of a valid and enforceable contract, which bars or limits Plaintiff and any putative class member from obtaining relief and which expressly determined that the business relationship between SAW and Plaintiff was not that of employee-employer. At no time was Plaintiff or any putative class member an "employee" of SAW.

## SECOND AFFIRMATIVE DEFENSE

42. Plaintiff's Complaint, and each purported cause of action therein, is barred to the extent that Plaintiff failed to exhaust her mandatory contractual remedies, including but not limited to, arbitration procedures.

## THIRD AFFIRMATIVE DEFENSE

43. Plaintiff and all putative class members were at all times exempt from, and not subject to, the state and federal Labor Codes and are therefore precluded from recovering wages and penalties thereunder.

///
///
///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

6

CASE No. CV 09 0448-EC

SAW ENTERTAINMENT LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES

### FOURTH AFFIRMATIVE DEFENSE

44. Plaintiff's Complaint, and each purported cause of action therein, is barred because the Arbitration Agreement between SAW and Plaintiff does not provide for or permit class wide arbitration.

### FIFTH AFFIRMATIVE DEFENSE

45. Plaintiff's Complaint, and each purported cause of action therein, is barred because Plaintiff (and any putative class members) agreed to be, and were, independent contractors and are therefore precluded from invoking the provisions of the California Labor Code or California Industrial Welfare Commission.

### SIXTH AFFIRMATIVE DEFENSE

46. Plaintiff's complaint and each purported cause of action therein, is barred to the extent that Plaintiff lacks standing.

### SEVENTH AFFIRMATIVE DEFENSE

47. Plaintiff's Complaint, and each purported cause of action therein, is barred due to Plaintiff's and putative class members' breaches of contract.

### EIGHTH AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred due to fraud in the inducement by Plaintiff and any putative class member. Specifically, Plaintiff and putative class members rejected SAW's offer to hire them as employee entertainers and instead selected independent contractor status. Their efforts to now repudiate the contracts demonstrate the false nature of their purported desire to perform as independent contractors.

### NINTH AFFIRMATIVE DEFENSE

49. Plaintiff and any putative class member is barred from obtaining relief due to unjust enrichment.

### TENTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred due to intentional or negligent misrepresentation by Plaintiff and any putative class member. Specifically, Plaintiff and putative class members rejected SAW's offer to hire them as employee entertainers and instead selected independent

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

7  CASE No. CV 09 0448-EC

SAW ENTERTAINMENT LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES

contractor status. Their efforts to now repudiate the contracts demonstrate the false nature of their purported desire to perform as independent contractors.

### ELEVENTH AFFIRMATIVE DEFENSE

51. Plaintiff and putative class members are barred from obtaining relief to the extent Plaintiff inexcusably and unreasonably delayed in the filing of her action, causing prejudice to SAW.

### TWELFTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred due to the applicable statutes of limitations, including the contractually agreed upon limitation period.

### THIRTEENTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred due to judicial and equitable estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

54. Plaintiff and putative class members are barred from obtaining relief due to SAW's detrimental reliance.

### FIFTEENTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred due to unclean hands and violations of the implied covenants of good faith and fair dealing by Plaintiff and/or any putative class member.

### SIXTEENTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred due to failure to mitigate damages or use reasonable care by Plaintiff and/or any putative class member to prevent any damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred to the extent Plaintiff's or any putative class member's actions have waived the right to recovery.

### EIGHTEENTH AFFIRMATIVE DEFENSE

58. Plaintiff is barred from obtaining relief due to her failure to exhaust administrative remedies.

///

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

8

CASE No. CV 09 0448-EC

SAW ENTERTAINMENT LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES

### NINETEENTH AFFIRMATIVE DEFENSE

59. Plaintiff's damages and claims are barred or reduced to the extent that SAW is entitled to setoffs for the dance revenues Plaintiff and/or putative class member received and retained with regard to the sale of dances at Larry Flynt's Hustler Club.

### TWENTIETH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred by the doctrine of the statute of frauds.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

61. Plaintiff's claims are barred due to accord and satisfaction.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred due to release.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred and her, and any putative class members', recovery of damages is limited due to their having received payment in excess of any alleged wages due.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

64. Defendant alleges Plaintiffs are barred or limited from obtaining relief, or Defendant is entitled to an offset as to any such relief, due to payment to Plaintiffs for all services performed by Plaintiffs as alleged in the Complaint.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred due to *res judicata*.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims are barred due to collateral estoppel.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred due to avoidable consequences.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

68. Plaintiff's Complaint, and each purported cause of action therein, is barred because SAW was not Plaintiff's (or any putative class member's) employer.

///

///

465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

9

CASE No. CV 09 0448-EC

SAW ENTERTAINMENT LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES

### TWENTY-NINTH AFFIRMATIVE DEFENSE

69. Plaintiff's claims are barred due to the absence of an employment relationship between Plaintiff and SAW.

### THIRTIETH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred due to the artistic professions exemption.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

71. Plaintiff's claims are barred because SAW was not Plaintiff's, or any putative class member's, employer, joint employer, or part of an "enterprise" of employers.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred because monies collected from the sale of dances was not a "tip" or "gratuity."

### THIRTY-THIRD AFFIRMATIVE DEFENSE

73. Plaintiff's damages and claims are barred because only those monies over and above the stated price of the dance constitutes a "tip" or "gratuity."

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred to the extent that Plaintiff and putative class members consented to or requested the alleged conduct of SAW and accepted the benefit of the non-employee status without complaint during the time that she or they performed services for SAW.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred to the extent SAW acted in good faith at all times referenced in the Complaint.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred by the doctrines of laches, waiver, and estoppel, including waiver and/or estoppel based upon course of conduct.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred because she, and all members of the putative class, earned more than minimum wage.

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

10

CASE No. CV 09 0448-EC

SAW ENTERTAINMENT LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

78. Plaintiff's claims are barred due to abandonment.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

79. Plaintiff's claims are barred due to the failure of the Plaintiff, and members of the putative class, to conform to the obligations of employees.

**FORTIETH AFFIRMATIVE DEFENSE**

80. Plaintiff's claims are barred due to the absence of negligence or willful misconduct on the part of the SAW.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

81. Plaintiff is barred from obtaining certification of a class or collective action under her complaint due to the lack of an ascertainable, identifiable class.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

82. Plaintiff is barred from obtaining certification of a class or collective action under her complaint due to the absence of a commonality of interest.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

83. Plaintiff is barred from obtaining certification of a class or collective action under her complaint because a class action is not the superior method of adjudicating the dispute.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

84. Plaintiff is barred from obtaining certification of a class or collective action under her complaint because of the inadequacy of Plaintiff as a representative of the putative class.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

85. Plaintiff is barred from obtaining certification of a class or collective action under her complaint because the Plaintiff is not typical of the putative class.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

86. Plaintiff is barred from obtaining certification of a class or collective action under her complaint because of insurmountable management problems.

///

///

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

11  CASE No. CV 09 0448-EC

SAW ENTERTAINMENT LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

87. Plaintiff is barred from obtaining certification of a class or collective action under her complaint because of the absence of common questions of law or fact and/or the absence of similarly situated putative class members.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

88. Plaintiff is barred from obtaining certification of a class or collective action under her complaint because there are substantial numbers of class members antagonistic to the class.

### FORTY-NINTH AFFIRMATIVE DEFENSE

89. Plaintiff is barred from obtaining certification of a class or collective action under her complaint because class treatment does not benefit the Court or the parties.

### FIFTIETH AFFIRMATIVE DEFENSE

90. Plaintiff is barred from obtaining certification of a class or collective action under her complaint because common questions of fact do not predominate.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

91. Plaintiff is barred from obtaining certification of a class or collective action under her complaint because any damages are unique and/or individualized.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

92. Plaintiff is barred from obtaining certification of a class or collective action under her complaint because of the proofs of putative class member's claims.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

93. Plaintiff is barred from obtaining certification of a class or collective action under her complaint because of the resulting confusion, irreconcilable conflict, lack of manageability, and prejudice to putative class members and SAW.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

94. Plaintiff's claims are barred by the doctrine of *in pari delicto*.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

95. Plaintiff's proposed class is barred from being certified due to federal preemption by the United States Labor Code.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

12

CASE No. CV 09 0448-EC

SAW ENTERTAINMENT LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

96. Plaintiff's proposed class is barred from being certified because of the absence of numerosity.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

97. Class treatment of Plaintiff's claims would violate class members constitutional and common law rights to privacy.

Defendants reserve the right to supplement these affirmative defenses as further applicable defenses become known during the course of discovery.

WHEREFORE, Defendant SAW prays:

1. That class certification be denied;
2. That Plaintiff be denied certification as the representative;
3. That Plaintiff take nothing by way of her complaint;
4. That Judgment be awarded to Defendant SAW;
5. That Defendant SAW be awarded its costs of suit, including reasonable attorney fees and expenses to the extent authorized by law and contract;
6. For such other and further relief as the Court deems appropriate.

Dated: May 29, 2009

LONG & LEVIT LLP

By _____
DOUGLAS J. MELTON
Attorneys for Defendant
S.A.W. Entertainment Limited

DOCS\S0301-082\560893.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

13                    CASE No. CV 09 0448-EC

SAW ENTERTAINMENT LIMITED'S ANSWER AND AFFIRMATIVE DEFENSES